State *ex rel.* Simpson, v. Ackerly *et al.*—Syllabus.

THE STATE OF FLORIDA *ex rel.*, T. H. SIMPSON, RELATOR, *Plaintiff in Error*, v. G. D. ACKERLY, AS CITY RECORDER, *et al.*, RESPONDENTS, *Defendants in Error*.

Opinion Filed January 15, 1915.

1. While municipal authority must appear from express or im,plied statutory provisions, yet when the authority does fairly appear, wide latitude is allowed in its exercise, where it does not appear that there has been, in action taken, an abuse of authority or a violation of organic or fundamental rights.

2. Under the authority given in the charter of the City of Jacksonville to "regulate * * * retailers of liquors" and to provide "for the health, convenience and safety of the citizens," the municipality may by the due exercise of its police power, circumscribe the area within which intoxicating liquors may be sold in an election district within the city where such sale is lawful under the State law, when such municipal action is not so arbitrary and unreasonable as to deny due process or equal protection of the law, the regulation being designed not to unlawfully effectuate prohibition but merely to localize sales of intoxicating liquors in the election district in the city.

3. The mere fact that only one liquor dealer is affected by a municipal regulation designed to localize the sale of liquors in an election district in the city, does not show arbitrary and unreasonable or unjust discrimination in violation of organic rights.

4. Property is held and used subject to the lawful exercise of the police power of the State, and an unlawful exercise of such power is not shown in this case.

5. The burden is on those who assert a denial to them of the equal protection of the laws, to make such denial in fact appear; and that burden is not successfully carried in this case.

Writ of Error to Circuit Court for Duval County; D. A. Simmons, Judge.

Judgment affirmed.

*J. E. & Julian Hartridge,* for Plaintiff in Error;

*Odom & Crawford, for* Defendants in Error.

WHITFIELD, J.—An alternative writ of mandamus was issued from the Circuit Court commanding the city officials to recommend the issuance of and to issue to the relator a license to sell intoxicating liquors at 400 and 402 Bridier Street in the City of Jacksonville, or to show 'cause for not doing so. The alternative writ in effect alleges that the relator had complied with the law which would authorize him to procure a license to engage in the retail sale of intoxicating liquors in a certain election district in Duval County embracing a portion of the City of Jacksonville at a place where he had for several years engaged in such business, and that a renewal of the city license was denied him because the city had by an amended ordinance "peremptorily and without valid reasons eliminated" Lots one and eight in Block thirty-eight from the circumscribed area in such election district in which intoxicating liquors may be sold, and that the relator's place of business is in said Lot eight. It is alleged that the action of the city and its officials is unauthorized and deprives the relator of property rights secured to him by organic law. A demurrer to the alternative writ, being equivalent to a motion to quash, was sustained, and the relator declining to plead further, final judgment for the respondents was rendered, to which the relator took a writ of error.

The charter statutes authorize the city, by ordinance, "to license, tax and regulate  *  retailers of liquors," and "to pass all ordinances necessary for the health, convenience and safety of the citizens."

While municipal authority must appear from express or implied statutory provisions, yet when the authority does fairly appear, wide latitude is allowed in its exercise, where it does not appear that there has been, in action taken, an abuse of authority or a violation of organic or fundamental rights.

It is clear that the municipality may under its charter authority "regulate  *  retailers of liquors" and provide "for the health, convenience and safety of the citizens," by the direct and reasonable exercise of its police power in circumscribing the area within which intoxicating liquors may be sold in an election district where such sale is lawful under the State law, when such municipal action is not so arbitrary and unreasonable as to deny to any one due process of law or the equal protection of the laws, and the regulation does not unlawfully effectuate a prohibition but simply localizes such sales in the election district. See Howland v. State, *ex rel.* Zirklebach, 56 Fla. 422, 47 South. Rep. 963, 21 L. R. A. (N. S.) 192, where the right of the city to regulate the places where liquors could be sold was recognized and the action of the city was not upheld because the regulation was through the taxing power and not the police power and the license tax was on the admitted facts held to be apparently excessive so as to unjustly discriminate and to be unreasonable and arbitrary. This holding does not conflict with Ex parte Theisen, 30 Fla. 529, 11 South. Rep. 901, or with Mernaugh v. City of Orlando, 41 Fla.

433, 27 South. Rep. 34, and Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922.

The facts alleged in the alternative writ and admitted by the demurrer do not show that the city acted "withour valid reasons" and that the relator's place of business was arbitrarily and unlawfully excluded from the area wherein liquors may be sold within the election district where such sales are lawful.

The original ordinance prescribes that liquors shall not be sold by retail "except on property fronting or abutting on" stated streets including "on Bridier Street from Duval Street to Church Street." It appears that the block upon which relator formerly conducted his liquor business is the only block on Bridier Street between Duval and Church Streets and consequently the only block on Bridier Street where the sale of intoxicating liquors was permitted. The amendment here assailed in effect merely forbids the sale of liquors in that block fronting on Bridier Street, which it is stated "is entirely separated from the other parts of the district;" and such action may be designed to effectuate better police supervision and regulation, or for other purposes to conserve "the health, convenience and safety of the citizens." The mere fact that relator may be the only liquor dealer affected by the amended ordinance, does not show arbitrary and unreasonable or unjust discrimination in the regulation which is a direct exercise of the police power of the city relating to localities and not to persons and adopted presumably in the interest of the general welfare, possibly to meet changed conditions or other matters affecting the health and safety of the citizens. The original ordinance apparently discriminated in favor of the re-

lator and the amendment avoids such discrimination. Property is held and used subject to the lawful exercise of the police power of the State, and an unlawful exercise of such power is not shown in this case. The burden is on those who assert a denial to them of the equal protection of the laws, to make such denial in fact appear; and that burden is not successfully carried in this case.

Judgment affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.