LEONARD BAILEY, AS CHIEF OF POLICE OF THE CITY OF WEST PALM BEACH, *Plaintiff in Error*, v. TREADWELL POITIER, *Defendant in Error*.

Opinion Filed July 14, 1923.

The charter of the city of West Palm Beach contains provisions that "the commission (of the city) shall have power to prohibit the sale of spirituous, vinous, malt or other intoxicating liquors, wines or beverages," that it shall "have all the powers and perform all the duties conferred upon cities and towns of the State of Florida and officers and employees of

such cities and towns by the general laws of Florida," and that "no special power herein granted shall be construed to abridge any general laws of the State of Florida." By Section 1839, Revised General Statutes of Florida, power is conferred upon cities and towns "to pass all such ordinances and laws as may be expedient and necessary for the preservation of the public peace and morals * * * and for the order and government of the city or town." *Held*: construing the charter powers of the city in connection with Article XIX of the Constitution of the State prohibiting the manufacture, sale, barter or exchange of intoxicating liquors, the city is authorized to pass a valid ordinance forbidding the possession of intoxicating liquors in the city, not in the bona fide residence of the owner, and forbidding the transportation within the city of intoxicating liquors, not for medicinal, scientific or mechanical purposes.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Reversed.

*Raymond Yeomans,* for Plaintiff in Error;

*James O. Watson,* for Defendant in Error.

WEST, J.—The defendant in error, Treadwell Poitier, was charged in the Municipal Court of the City of West Palm Beach in an affidavit containing two counts with the offense of having in his possession in the city, not in his bona fide residence, certain intoxicating liquors, and the transportation within the city of intoxicating liquors, not for medicinal, scientific or mechanical purposes. Upon a trial he was found guilty. On petition for habeas corpus, alleging in substance that the city was without authority

6—Vol. 86.

to enact a valid ordinance forbidding the possession or transportation of intoxicating liquors within the city and that his detention was illegal, the writ was granted. Upon a hearing on return to the writ by the officer by whom he was held in custody the petitioner was discharged. The city prosecutes this writ of error.

The question is whether the ordinance alleged to have been violated was within the charter powers of the city. It in express terms prohibits the sale, manufacture, transportation and possession of intoxicating liquors. The charter powers of the city upon this subject are contained in two paragraphs as follows:

"That the Commission shall have power to prohibit the sale of spirituous, vinous, malt or other intoxicating liquors, wines or beverages."

"That in addition to the powers hereinbefore enumerated, said city and its officers and employees, shall have all the powers and perform all the duties conferred or imposed upon cities and towns of the State of Florida and officers and employees of such cities and towns by the general laws of Florida now in force or hereafter to be enacted providing for the government of cities and towns, not inconsistent with the provisions of this Act; and in all matters of procedure and conduct for the exercise and performance of such powers and duties, the general laws of the State relative to municipalities shall govern, except where otherwise especially provided by the Act, and no special power herein granted shall be construed to abridge any general laws of the State of Florida."

By "the General Laws of Florida" cities and towns "have power to pass all such ordinances and laws as may be expedient and necessary for the preservation of the public peace and morals, for the suppression of riots and disorderly assemblies and for the order and government

of the city or town, and to impose such pains, penalties and forfeiture as may be needed to carry the same into effect: Provided, That such ordinances shall not be inconsistent with the Constitution and laws of the United States or of this State." Sec. 1839, Rev. Gen. Stat. of Fla.

So that by special grant the city has power to prohibit the sale of intoxicating liquors and by general law to pass ordinances expedient and necessary for the preservation of the public peace and morals and for the order and government of the city, and the charter expressly provides that "no special power herein granted shall be construed to abridge any general laws of the State of Florida."

In Porter v. Vinzant, 49 Fla. 213, 38 South. Rep. 607, this court held an ordinance prohibiting cruelty to animals, enacted under a general grant of power by charter to the City of Jacksonville, no more comprehensive than the grant under the general law, to be valid upon the theory that the general power contained in the charter included the power to pass an ordinance prohibiting cruelty to animals.

In Mernaugh v. City of Orlando, 41 Fla. 433, 27 South. Rep. 34, upon the theory that the sale of intoxicating liquors in a city tends to disturb the public peace and to produce disorder, it was held that under an unrestricted grant of power, such as is contained in Section 1839, Revised General Statutes of Florida, a city may well be held to be authorized to enact valid ordinances forbidding the sale of intoxicating liquors as being against the peace and good order of the city. In that case the statute was not given that effect because of limitations contained in another statute authorizing the regulation of the traffic in intoxicating liquors, but that later statute is no longer contained in the law, and since the right to sell has been abrogated by constitutional provision and cannot be regulated, the limitation then existing no longer obtains, and a city duly

authorized to do so may therefore exercise the general grant contained in the statute.

This authority seems to be decisive of the question presented by this case, since if the sale of intoxicating liquors may be prohibited in the exercise by the city of this general grant of power, its possession or transportation may likewise be prohibited.

The ordinance being within the general grant of power to the city, is valid. The judgment discharging the defendant will be reversed.

Reversed.

WHITFIELD AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS, J., concur in the opinion.