R. G. TITTSWORTH, as Chief of Police of the City of Tampa, v. CLAIRE AKIN.

159 So. 779.
Division B.
Opinion Filed February 21, 1935.
Rehearing Denied March 22, 1935.

*Alonzo B. McMullen, Ralph A. Marsicano* and *Whitaker Brothers,* for Plaintiff in Error;

*McKay, Withers & Ramsey,* for Defendant in Error.

PER CURIAM.—A writ of error was taken by R. G. Tittsworth, as Chief of Police of the City of Tampa, to a judgment of the Circuit Court for Hillsborough County, discharging Claire Akin in habeas corpus proceedings from the custody of the Chief of Police.

Claire Akin was arrested and detained in custody by the Chief of Police on "two charges" against Akin "in the Municipal Court of the City of Tampa."

The respondent's return to this writ of habeas corpus has attached to it copies of the two charges as Exhibits "A" and "B" which by special reference and apt words are made a part of the return. Those "charges" are set out here in full as they appear in the record:

"No. B 45818.
 "In Municipal Judge's Court, City of Tampa.
 "State of Florida, City of Tampa, v. R. C. Akin.

*"Charge*

"Unlawfully carrying on and engaging in the business of a retail dealer in liquors without first having obtained a license from the City of Tampa as provided in Ordinance No. 550-A and under authority of said ordinance, within the city limits of the City of Tampa, Florida, on the 21st day of Dec. 1934."

"No. B 45817

"In Municipal Judge's Court, City of Tampa.
"State of Florida, City of Tampa, v. R. C. Akin.

*"Charge*

"Being a retail dealer in liquors did unlawfully engage in the drug business on the same premises and in the same building where said retail liquor business was carried on by said defendant within the city limits of the City of Tampa, Florida, on the 21st day of Dec. 1934, in violation of Section 6, Ordinance No. 550-A."

No affidavit or warrant appears to have been made or issued against Akin. No showing is made that a commitment was issued by the Police Court ordering the Chief of Police to detain Akin in custody.

In the Charter of the City of Tampa, Section 14, Chapter 9095, Special Acts of 1921, it is provided:

"It shall be the duty of the Municipal Judge to hold daily terms of court in such place as may be provided by the City Commission for the trial of all persons charged with violation of any of the ordinances of the city, which trial shall be without jury, and upon conviction of such person or persons to impose upon him or them such penalty as may be provided by such ordinance; and a sworn or verified complaint shall not be necessary to give the Municipal Court jurisdiction of offenses triable in that court, but the accused may be tried upon the offense as docketed, provided such docket entry is sufficient to put the accused upon notice of the offense with which he is charged."

Motion to quash the return was filed, stating two grounds as follows:

"First: The said return is insufficient.

"Second. The said return fails to show any legal cause for detaining petitioner in custody."

The petitioner, by the terms of his petition, challenges the legality of his detention in custody on the ground that the city did not have authority to enact the ordinance under which petitioner was held and upon the further ground that the ordinance was void and for this reason the Circuit Judge appears to have considered only the questions so presented. We deem this to have been proper because the petitioner had so confined the scope of the inquiry as to his alleged unlawful detention.

The pertinent parts of the ordinance under consideration are as follows:

The title is: "ORDINANCE No. 550-A.

"AN ORDINANCE TO LICENSE CERTAIN PRIVILEGES, BUSINESSES AND OCCUPATIONS CARRIED ON AND ENGAGED IN WITHIN THE CITY OF TAMPA, FLORIDA: TO FIX THE AMOUNT OF LICENSE TAXES, AND TO REGULATE SAID PRIVILEGES, BUSINESSES AND OCCUPATIONS, AND PROVIDING A PENALTY FOR THE VIOLATION OF THIS ORDINANCE."

Sub-Section B of Section 1 of the ordinance is:

"(b) The term 'dealer' under this ordinance shall mean any person, firm, association or corporation other than a manufacturer or distiller who sells spiritous, vinous or malt liquors, all agents or solicitors of orders for liquors representing persons, firms, associations or corporations other than dealers, distillers, wine-makers or brewers licensed in the State of Florida, shall be considered dealers."

Sub-Section D of Section 1 of the ordinance is:

"(d) The term 'retail dealer' shall mean under this ordinance a dealer who sells liquors to the consumer."

Section 3 prescribes the amount of the license tax.

Section 5 is as follows:

"Section V. No license as a retail dealer under this Ordinance shall be issued to any person, firm, association or corporation engaged in the sale of merchandise or drugs, where such retail business under this Ordinance is to be carried on and conducted on the same premises and/or in the same building where said merchandise or drug business is carried on or conducted."

Sections 6 and 7 are as follows:

"Section VI. No retail dealer under this ordinance shall engage in the mercantile or drug business on the same premises and in the same building where said retail business under this ordinance is carried on.

"Section VII. No license shall be issued under this ordinance to any person, firm, association or corporation to engage in any of the businesses or occupations named in Section III of this Ordinance on Franklin Street from the North side of Lafayette Street to the South side of Tyler Street."

The record does not show that any testimony was taken but the order of the Circuit Judge recites facts which we do not find in the record.

It appears that the holding of the Circuit Judge was:

"I am of the opinion that such classification of those who may engage in the liquor business is both arbitrary and discriminatory. The argument is made that liquor dealers are beyond the protection of constitutional provisions guaranteeing equal protection of the law, but I think that in a case of the character of this one such contention is not tenable as a consideration of our cases in the Supreme Court dealing with the provisions of the Constitution shows.

"That no Federal Constitutional provisions furnish liquor dealers any protection, if true, does not mean in this case

that petitioner is beyond the bounds of protection of the State Constitution.

"For this reason without discussing the question of the general power of the city under its charter and such other powers given it by applicable statutes to pass the ordinance the petitioner must be discharged and it is so ordered."

And thereupon Petitioner was discharged. Writ of error was sued out by relator.

We are asked to detemine the question as to whether or not Sections 6 and 7 of the Ordinance, No. 550-A, are valid municipal enactments.

In Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 Sou. 282, which was quoted with approval in Pennington v. Quigg, 94 Fla. 1056, 114 Sou. 859, we said:

"The legislature has a wide discretion in classifying the subjects of police regulation; and a legislative classification will not be annulled by the courts unless it is wholly without a reasonable or practical basis. Unless a legislative regulation is applicable to some persons and not to others under essentially similar conditions so as to make the classification an arbitrary exercise of the powers of government that in material substance and effect unjustly discriminates between persons similarly conditioned with reference to the subject regulated, there is no denial of the equal protection of the laws. See Davis v. Fla. Power Co., 64 Fla. 246, 60 South. Rep. 759; Lindsley v. Natural Carbonic Gas Co., 120 U. S. 61, 31 Sup. Ct. Rep. 337; Central Lumber Co. v. State of South Dakota, 126 U. S. 157, 33 Sup. Ct. Rep. 66; Peninsular Industrial Ins. Co. v. State, 61 Fla. 376, 55 South Rep. 398; Louisville & N. R. R. Co. v. Melton, 218 U. S. 36, 30 Sup. Ct. Rep. 676."

It is well settled that legislation which, in carrying out a public purpose, is limited in its application, if within

the sphere of its operation it affects alike all persons similarly situated, is not violative of the constitutional guaranty of equal protection of the laws. Barbeir v. Connoly, 113 U. S. 27, 28 Law. Ed. 923; Granger v. Douglas Park Jockey Club, 148 Fed. 513, 18 Ann. Cas. 997, Tinsley v. Anderson, 171 U. S. 101, 43 Law Ed. 91; Mutual Loan Co. v. Martell, 222 U. S. 225, 56 Law. Ed. 175.

In State, *ex rel.* McAuley, v. York, 90 Fla. 625, 106 Sou. 418, we held:

"When an ordinance is within the grant of power to the municipality, the presumption is that it is reasonable, unless its unreasonable character appears on its face, and the person attacking it as unreasonable or unjustly discriminatory must assume the burden of affirmatively showing that as applied to him it is unreasonable, or unfair and oppressive."

Now it is well settled that there exists no common right to engage in the sale of intoxicating liquor. See Crowley v. Christensen, 137 U. S. 86, 34 Law. Ed. 620. In *Ex Parte* Pricha, 70 Fla. 265, 70 Sou. 406, quoting from Crowley v. Christensen, *supra,* we said:

"There is no inherent right in a citizen to thus sell intoxicating liquors by retail; it is not a privilege of a citizen of the State or of a citizen of the United States."

And, again, in that opinion it is said:

"As we also held in the cited case, following prior decisions, 'In passing upon the constitutionality of statutes generally, no matter from what standpoint the assault thereon may be made, it is a well settled and cardinal rule that nothing but a clear violation of the constitution will justify the courts in overruling the legislative will; and where there is reasonable doubt as to the constitutionality of an Act it must be resolved in favor of the Act.' See also the subsequent decisions of McNeil v. Webeking, 66

Fla. 407; 63 South. Rep. 728; City of Jacksonville v. Bowden, 67 Fla. 181, 64 South. Rep. 769; Anderson v. City of Ocala, 67 Fla. 204, 64 South. Rep. 775, 52 L. R. A. (N. S.) 287."

So now the question which arises is, Do the provisions of the ordinance here under consideration apply alike to all persons like situated? The answer must be in the affirmative. It is argued that under the provisions of this ordinance one person, firm or corporation may lawfully sell intoxicating liquors on the location in controversy while this petitioner could not because he is engaged in the drug business in the same building. But that argument is not tenable because those presenting it have not considered or taken into account the difference in the situation of the two proposed parties. This petitioner under the provisions of the ordinance could not engage in the sale of intoxicating liquor and at the same time engage in the sale of drugs, or any other sort of merchandise, in the same building and neither could anyone else operate the business of a dealer in intoxicating liquor and at the same time also the business of a dealer in any other sort of merchandise or drugs in the same building. So there is no classification which permits one to do an act, the right to do which is denied to another under like conditions. Therefore, there is no discrimination as between persons, firms or corporations like situated.

The other question involved is whether or not the ordinance is so arbitrary and unreasonable as to be beyond legislative power of enactment. Reference to the Charter of the City will show that the powers to enact ordinances embracing police regulations are broad enough to authorize the enactment of all necessary ordinances regulating the sale of intoxicating liquors.

In the case of Chicago v. Netcher, 183 Ill. 104, 48 L. R. A. 261, the Court had under consideration an ordinance which permitted the dealer in all kinds of merchandise except dry goods, clothing, jewelry and hardware, to sell liquor from his store. This ordinance was not declared invalid except upon the ground that it was discriminatory. That is, it provided that all merchants except those dealing in four commodities could sell intoxicating liquors in their stores and there was no reasonable basis for the discrimination which eliminated dealers of those four classes of merchandise from acquiring the privilege to sell intoxicating liquor.

In State, *ex rel*. Simpson, v. Ackerly, 69 Fla. 23, 67 Sou. 232, this court said:

"While municipal authority must appear from express or implied statutory provisions, yet when the authority does fairly appear, wide latitude is allowed in its exercise, where it does not appear that there has been, in action taken, an abuse of authority or a violation of organic or fundamental rights.

"Under the authority given in the charter of the City of Jacksonville to 'regulate * * * retailers of liquors' and to provide 'for the health, convenience and safety of the citizens,' the municipality may by the due exercise of its police power, circumscribe the area within which intoxicating liquors may be sold in an election district within the city where such sale is lawful under the State law, when such municipal action is not so arbitrary and unreasonable as to deny due process or equal protection of the law, the regulation being designed not to unlawfully effectuate prohibition but merely to localize sales of intoxicating liquors in the election district in the city.

"The mere fact that only one liquor dealer is affected by

a municipal regulation designed to localize the sale of liquors in an election district in the city, does not show arbitrary and unreasonable or unjust discrimination in violation of organic rights."

The apparent purpose of the ordinance is to suppress the harmful effects that may accrue to the public by reason of the close association of the business of selling intoxicating liquor at retail and a drug or mercantile business of any other character when operated by the same owner in one and the same building. That there may be reasonable ground for the apprehension that so close an association of the retail intoxicating liquor business with any other sort of mercantile business will be harmful to the public welfare can hardly be questioned. Under such conditions, it is apparent that the owner of the two businesses so located may take advantage of this condition to increase the sales of intoxicating liquors to the public in ways and by means which he could not employ if the businesses were otherwise located. The purpose of the ordinance appears to be to keep the retail sale of intoxicating liquors separate and apart from the drug business and other mercantile business, and while it is possible that the ordinance may not entirely effectuate that purpose and it may not be based on the soundest sort of wisdom and reason, yet, it has sufficient foundation to make it a matter within the scope of legislative authority to enact and beyond the scope of judicial authority to hold it invalid because of being an arbitrary exercise of legislative power.

For the reasons stated, we think the judgment should be reversed and the cause remanded that further proceedings be had not inconsistent with the views herein expressed.

It is so ordered.

464

Reversed and remanded.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.