LACY SLOAN v. ROY V. HUTCHINGSON, as Chief of Police
of the City of Lakeland.
163 So. 61.
Division A.
Opinion Filed September 2, 1935.

*H. E. Oxford,* for Petitioner.

*Carver & Langston,* for Respondent.

DAVIS, J.—The City of Lakeland, situate within Polk County, Florida, which had voted against the sale of intoxicating liquors at the General election in 1934,* on February 21, 1935, adopted the following municipal ordinance relating to the manufacture, transportation or possession of intoxicating liquors within said City:

---

*The election was held pursuant to Amended Article XIX, State Constitution, as ratified at the same election.

"Section 1. That it shall be unlawful for any person, association of persons or corporation, or any agent or employees of any person, association of persons or corporation, to manufacture or cause to be manufactured, or in any wise to be concerned in the manufacture, transport, cause to be transported, or in anywise be concerned in the transportation from any point in this state to any point in the City of Lakeland, Florida, or have in his, her, their or its possession, custody or control for the purpose of sale, barter or exchange in the City of Lakeland, Florida, any alcoholic or intoxicating liquors or beverages, except as is specifically permitted by the laws of the State of Florida applicable in Polk County, Florida.

"Section 2. Any person, association of persons or corporation or any agent or employee of any person, association of persons, or corporation having possession, custody or control of more than one quart of alcoholic or intoxicating liquors or beverages at any one time, except as specifically permitted by the laws of the State of Florida, applicable in Polk County, Florida, shall be deemed or presumed to have possession of said alcoholic or intoxicating liquors or beverages for the purpose of sale, barter or exchange, contrary to the provisions of this ordinance.

"Section 3. Any person, violating any of the provisions of this ordinance shall upon conviction thereof in the City Court of said city, be punished therefor by a fine of not more than Three Hundred Dollars ($300.00) or by imprisonment in the city jail or stockade not to exceed ninety (90) days or by both such fine and imprisonment.

"Passed and approved as to passage this 21st day of February, A. D. 1935.

"E. A. GOODWIN, *Mayor*.

"Attest:

"J. L. Davis, *City Clerk.*

"Approved as to form and correctness:

"A. R. Carver, *City Attorney.*               Feb. 22."

By this proceeding is brought in controversy not only the validity of said ordinance but the proper application thereof to a situation such as is described in the petition for writ of habeas corpus herein. The situation so described is as follows: On February 23, 1935, the Hon. R. H. Adidon, Municipal Judge, issued a liquor search warrant against petitioner ·which being executed, resulted in the finding in petitioner's pool room and beer garden twelve one-half-pint bottles of whiskey and four one-pint bottles of whiskey. At the time the writ of habeas corpus herein was sued out in this Court, petitioner was being held for trial on a municipal court docket entry charge of "unlawful possession for sale of intoxicating liquors in the City of Lakeland, Florida," the motion to quash which in the Municipal Court, together. with a motion to quash the search warrant and incriminating evidence obtained thereunder, had been interposed and denied.

At the outset, we deem it of importance to call attention to the well settled doctrine of this Court obtaining in habeas corpus cases which is to the effect that a writ of habeas corpus is directed to objections fundamental to the maintenance of the challenged custody, and not to mere irregularities of procedure redressible on appellate review by the proper tribunal. See: State, *ex rel.* Padgett, v. Windham, decided on June 25, 1935, at the present term.

Thus narrowed, the only inquiry which we are called upon to make in the present case is to determine whether or not the petitioner can be lawfully punished for a violation of the municipal ordinance hereinbefore quoted, which

in legal effect, though not in express words, denounces as a municipal offense against the ordinances of Lakeland, the possession in said City of Lakeland of any quantity of intoxicating liquor intended for the purpose of violating in said city any provision of the State laws prohibiting the sale of intoxicating liquors in the "dry" county of Polk. Complaints against the policy or manner of enforcing such ordinance alleged to have been agreed upon by the officials of the City of Lakeland but not substantiated by any record evidence thereof, should be left to appropriate redress in appellate proceedings instituted to review any judgment of conviction that may be entered. Or relief therefrom may be sought by bill in equity to restrain any alleged usurpation of power about to be committed or threatened by officers shown to be determined upon perpetrating some invasion of petitioner's constitutional right to be free from *unreasonable* searches and seizures of lawfully possessed liquors in said City of Lakeland, notwithstanding the broad terms of the City's ordinance aforesaid.

It is our view that a municipality in the State of Florida has the right, under its general police powers, to adopt and enforce police regulations in the form of municipal ordinances, designed to forbid and prohibit the keeping in places of business engaged in the sale of legitimate goods to the public,* any intoxicating liquors or beverages for sale in said place of business aforesaid, except as otherwise expressly permitted by general state law, and that such power exists on the part of such municipality whether it be located either in a "wet" or in a "dry" county. See: Tittsworth v. Akin, 118 Fla. 454, 159 Sou. Rep. 779, decided here Feb. 21, 1935.

*In this case the petitioner stands accused of unlawfully keeping liquors for sale in his pool room and beer garden to the public prejudice.

Section One of the ordinance here dealt with is on its face simply a police regulation designed to make effective in the City of Lakeland the laws of the State of Florida and the Constitution thereof prohibiting the sale of intoxicating liquors in "dry" counties, as approved at the general election held in November, 1934. Such an ordinance is therefore well within the police powers of the City of Lakeland to adopt and enforce.

Whether Section 2 of the ordinance undertaking to prescribe by a mere municipal ordinance a special rule of evidence by which the purpose of Section One is to be penally enforced, is valid for any purpose or not, presents no question determinable by the Supreme Court in advance of an actual trial and conviction under that section, although the same would become reviewable on certiorari should a conviction of petitioner be predicated solely or largely on the force and effect of Section 2 of the ordinance as a predicate to support it. Neither should this Court determine on this proceeding the sufficiency of the search warrant affidavit or the search warrant, nor the sufficiency of the charge made on the police blotter as a basis for holding the accused in custody. The presumption is that if no sufficient charge to support a judgment of conviction is made in the Municipal Court, the judgment of that Court will be arrested either by the Court itself, or by an appellate court exercising its jurisdiction for that purpose.

The general rule is that in the absence of special statutory authority to try a municipal offender solely on a police blotter entry accusation alone, that no such procedure in a municipal court is warranted, especially if the accused object. See: Wright v. Worth, 83 Fla. 204, 91 Sou. Rep. 87.

But a motion to dismiss or quash proceedings attempted without legal sanction or an accusation under oath, or its

prescribed statutory equivalent in the form of a police blotter entry in a municipal court record where the latter course of procedure has been expressly authorized, is the appropriate means to pursue as a method of presenting the point which, if denied, can be availed of on motion in arrest of judgment, or even on habeas corpus after an attempted judgment and condemnation to imprisonment has been actually entered and is about to be executed in convention of that essential requirement of law that enjoins upon municipal, as well as other courts, the adherence to such forms of accusation as are indispensable for the support of an adverse judgment against one attempted to be imprisoned thereunder.

The petitioner is remanded for appropriate proceedings not inconsistent with this opinion.

WHITFIELD, C. J., and BROWN, J., concur.

TERRELL and BUFORD, J. J., concur in the conclusion.