## CITY OF TAMPA v. TEXAS CO.

### No. 8292.

Circuit Court of Appeals, Fifth Circuit.

April 3, 1937.

Tom Whitaker, Pat Whitaker, Ralph A. Marsicano, and Alonzo B. McMullen, all of Tampa, Fla., for appellant.

Maynard Ramsey, K. I. McKay, and Howard Macfarlane, all of Tampa, Fla., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

On a bill by the Texas Company to enjoin the City of Tampa from enforcing two city ordinances which barred the erection and operation of a filling station upon a lot which Texas Company had bought after getting from the city a permit to build it there, a preliminary injunction was granted. The city appeals under 28 U.S.C.A. § 227.

▉▉▉ There was a motion to dismiss the bill, but no answer, and no evidence was heard. The case, therefore, has had no full development. The recitals of the attacked ordinances which are set out in the bill tend to show conditions justifying

the prohibition in the areas they cover of filling stations and garages as potential nuisances there, by virtue of the general welfare and nuisance powers of the city. The allegations of the bill tend to show an arbitrary action taken since the grant of the building permit. Such a challenge of the city's power of government deserves careful investigation and deliberate consideration, involving as it does fact issues. The jurisdiction of the court is not questioned. It did not abuse its discretion in granting an injunction pending a full trial. National Fire Ins. Co. v. Thompson, 281 U.S. 331, 332, 50 S.Ct. 288, 74 L.Ed. 881; State of Alabama v. United States, 279 U.S. 229, 49 S.Ct. 266, 73 L.Ed. 675; United Fuel Gas Co. v. Public Service Commission, 278 U.S. 322, 49 S.Ct. 157, 73 L.Ed. 402. The Texas Company, however, would build at its peril. Compare Jones v. Securities & Exchange Commission, 298 U.S. 1, at page 16, 56 S.Ct. 654, 80 L.Ed. 1015, and cases cited.

Judgment affirmed.