**TEXAS CO. v. CITY OF TAMPA, FLA.**

No. 8786.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1938.

Maynard Ramsey, of Tampa, Fla., for appellant.

Tom Whitaker, Pat Whitaker, Ralph A. Marsicano, and Alonzo B. McMullen, all of Tampa, Fla., for appellee.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

The Texas Company, a corporation, appellant, purchased two lots in the City of Tampa, Florida, on which they seek to build or erect a filling station. This building is to be used as a "gasoline filling or service station" where gasoline, oil and other petroleum products are to be kept, sold, and distributed.

The two lots in question are located in that section of the City of Tampa known as "Bayshore Boulevard" or "Bayshore Drive". It is without dispute that this area was originally mud-flats and swamp-lands and was developed for the purpose

of providing the City of Tampa, the appellee, with a scenic shore line drive and "high class" residential section; that it is maintained as such and is a "high class" thickly populated residential section.

Barring the way of the Texas Company to build the filling station in question are two ordinances of the City of Tampa, forbidding such building in the area where the two lots are located, and designating the same to be a nuisance.

When this case was here before on appeal from the decree of the lower court granting a temporary injunction (City of Tampa v. Texas Company, 5 Cir., 89 F.2d 221) we held: "There was a motion to dismiss the bill, but no answer, and no evidence was heard. The case, therefore, has had no full development. The recitals of the attacked ordinances which are set out in the bill tend to show conditions justifying the prohibition in the areas they cover of filling stations and garages as potential nuisances there, by virtue of the general welfare and nuisance powers of the city. The allegations of the bill tend to show an arbitrary action taken since the grant of the building permit. Such a challenge of the city's power of government deserves careful investigation and deliberate consideration, involving as it does fact issues. The jurisdiction of the court is not questioned. It did not abuse its discretion in granting an injunction pending a full trial."

After the mandate of this court, the City of Tampa filed a supplemental motion to dismiss the bill on the ground that the Legislature of Florida had passed an Act known as House Bill 751, being Chapter 18943, laws of Florida, Sp.Acts 1937. This enactment prohibits the erection, maintenance or operation of any filling station, public garage or mercantile establishment on Bayshore Boulevard, and within an area contiguous thereto, which defined area includes the property of the Texas Company here under consideration. While this Legislative enactment was before the trial court below, that court did not pass upon the constitutionality of this law, but preferred to rest its decision on the Tampa ordinance and fact issues.

The court below found upon the issue of fact hearing, that the Texas Company had failed to secure from the City of Tampa, as provided by ordinance, a "valid permit" to erect the filling station. The evidence is virtually without dispute on this issue. Thereupon, the court further found that the "attacked ordinance" was constitutionally enacted, and dismissed the bill of the appellant. From that decree comes this appeal.

In an equity case, as here, we are not bound by the findings of the trial court, but we will not disturb those findings unless they are shown to be erroneous. Mitchell v. Investment Securities Corp., 5 Cir., 67 F.2d 669. There was no error in the ruling of the court below in its finding of facts. Clearly the appellant failed to secure a valid permit.

It is not necessary to discuss and pass upon the validity of the two ordinances of the City of Tampa. They have been superseded by the Act of the Florida Legislature. That legislative enactment stands above them. It is paramount and controlling so far as this case is concerned.

It is within the police power of the State to regulate the erection and operation of gasoline filling stations and public garages. The operation of such places necessarily involves acts which are potential menaces to public safety and health because of the storage and handling of large quantities of highly inflammable and explosive products. Such places are likely to be injurious to the health of inhabitants in certain localities by reason of disturbance by loud noises and offensive odors. Moreover, the mere fact that only one party operating a business is affected by a regulation designed to localize the operation of such business in a certain district in the city does not show arbitrary and unreasonable or unjust discrimination in violation of organic rights. Fischer v. St. Louis, 194 U.S. 361, 370, 24 S.Ct. 673, 48 L.Ed. 1018; Harz v. Paxton, 97 Fla. 154, 120 So. 3; State ex rel. Simpson v. Ackerly, 69 Fla. 23, 67 So. 232.

The general rule appears to be that, while the courts have refused to define within precise bounds the limits of the police power of a state, their disposition and trend seems to be in favor of holding valid the laws relating to matters completely within the territory of the state enacting them. The courts reluctantly disagree with the local legislative authorities, who are primarily the judges of the public welfare. This is especially true when its action is approved by the highest court of the state whose people are directly concerned. Thomas Cusack Co. v. City of

Chicago et al., 242 U.S. 526, 37 S.Ct. 190, 61 L.Ed. 472, L.R.A.1918A, 136 Ann.Cas. 1917C, 594.

It is clearly within the police power of the state of Florida to regulate the. business of filling stations and public garages. It is also within its right to declare that under particular circumstances and in particular localities, it shall be deemed a nuisance in law and in fact to operate such places, provided however, that this power is not exercised arbitrarily or with unjust discrimination. We do not find the Act here in question to be arbitrary or unjustly discriminatory. The enactment of the Florida Legislature is clearly constitutional. The rights of appellant as guaranteed by the Fourteenth Amendment of the Constitution of the United States, U.S.C.A.Const. Amend. 14, have not been infringed by this act. Reinman v. City of Little Rock, 237 U.S. 171, 35 S.Ct. 511, 59 L.Ed. 900; Thomas Cusack Company v. City of Chicago et al., 242 U.S. 526, 37 S.Ct. 190, 61 L.Ed. 472, L.R.A.1918A, 136, Ann.Cas.1917C, 594; Gundling v. Chicago, 177 U.S. 183, 20 S.Ct. 633, 44 L.Ed. 725; Williams v. State of Arkansas, 217 U.S. 79, 88, 30 S.Ct. 493, 54 L.Ed. 673, 18 Ann.Cas. 865.

The judgment is affirmed.