C. L. MEARS, as Town Marshall of the Town of Malone, et al.,
v. Henry Stone.

10 So. (2nd) 487                                            En Banc
November 13, 1942

John H. Carter, for appellants.

B. L. Solomon, for appellee.

CHAPMAN, J.:

Challenged on this appeal is an ordinance enacted by the Town of Malone, Jackson County, Florida, making it unlawful for any person within the incorporate limits of said town to transport, sell or possess with intent to sell, intoxicating liquors. The terms of the ordinance attempt to regulate intoxicating liquors containing an alcoholic content greater than 3.2%. The Town of Malone was incorporated by Chapter 6370, Acts of 1911, Laws of Florida. Henry Stone was convicted in the municipal court of the Town of Malone for the violation of the aforesaid ordinance and on a habeas corpus proceeding was discharged from custody by the Circuit Court of Jackson County, Florida, and the Town of Malone has perfected an appeal therefrom to this Court.

In the Court below counsel for Stone contended that the Town of Malone, under the provisions of Chapter

6370, Acts of 1911, Laws of Florida, and Section 3047 C.G.L., was without the charter power to enact the aforesaid ordinance making it unlawful to transport, possess and sell intoxicating liquors within the incorporate limits of the Town of Malone because Chapter 6370, *supra,* did not authorize the enactment of the ordinance and Section 3047 C.G.L., being Section 1071, Gen. Stats. 1906, was specifically repealed by Chapter 16774, Acts of 1935, Laws of Florida. Subsection (b) of Section 19 sustains this contention and the lower court concluded that Sub-section (b) of Section 19 of Chapter 16774, *supra,* was controlling.

Section 2949 C.G.L. confers upon all municipalities of Florida the power to enact such ordinances and laws necessary for the preservation of peace and morals, the suppression of riots, disorderly assemblies and for the order and government of all municipalities, provided that the ordinances and laws so enacted by the municipalities shall be consistent with the Constitution and Laws of the United States and the State of Florida; and, provided further, that the punishment for the violation of the ordinances and laws so enacted shall not exceed a fine of $500.00 or imprisonment for a period of more than sixty days.

This provision of the general power conferred upon all municipalities was considered by this Court in the case of Bailey v. Poitier, 86 Fla. 160, 97 So. 311. There is no inherent right in a citizen to sell intoxicating liquors nor a privilege to a citizen of Florida or a citizen of the United States. See Crowley v. Christessen, 137 U.S. 86, 34 L. Ed. 620, 11 Sup. Ct. 13.

The case of Tittsworth v. Akin, 118 Fla. 454, 159 So. 779, involved an ordinance enacted by the City of Jacksonville under the charter of said city, authoriz-

ing it to regulate retailers of liquor and to provide for the health, convenience and safety of the citizens. It was held that the municipality, in the exercise of its police power, could enact a valid ordinance circumscribing the area within which intoxicating liquors could lawfully be sold in an election district within the City of Jacksonville where such sale is lawful under the State law.

The case of Sloan v. Hutchingson, 120 Fla. 747, 163 So. 61, involved an ordinance enacted by the City of Lakeland on February 21, 1935, pursuant to an election held within the City of Lakeland on the question of whether or not intoxicating liquors should be sold within said city, and the vote was against said sale and the charter power of the City of Lakeland to enact the aforesaid ordinance was challenged. This Court, in sustaining the ordinance, in part, said:

"It is our view that a municipality in the State of Florida has the right, under its general police powers, to adopt and enforce police regulations in the form of municipal ordinances, designed to forbid and prohibit the keeping in places of business engaged in the sale of legitimate goods to the public, any intoxicating liquors or beverages for sale in said place of business aforesaid, except as otherwise expressly permitted by general state law, and that such power exists on the part of such municipality whether it be located in a 'wet' or in a 'dry' county. See: Tittsworth v. Akin, 118 Fla. 454, 159 So. Rep. 779, decided here Feb. 21, 1935."

The case of State ex rel. Floyd v. Noel, 124 Fla. 852, 169 So. 549, involved an ordinance enacted by the City of St. Petersburg restricting the sale of intoxicating liquors within said city between the hours of

10:00 P. M. and 6:00 A. M. The power to enact the ordinance was raised and this court sustained the ordinance and in doing so, in part, said:

"It is so well settled that no citation of authority is required to support the statement that a municipality exercising the powers inherent in municipal corporations may reasonably regulate the sale of intoxicating liquors and in providing such reasonable regulations may prohibit the sale of such liquors within certain hours and also may prohibit the sale of liquors within certain zones."

It appears from the record that Jackson County had voted against the sale of intoxicating liquors and the Town of Malone is located therein. It is our conclusions that the town of Malone, independently of its charter provisions, being Chapter 6370, *supra,* and Section 3047 C.G.L., under the police power granted to all cities and towns had and possessed the power to enact the aforesaid ordinance. See Sloan v. Hutchingson, *supra.*

The ordinance, being within the general grant of police power to all towns and cities of Florida, is valid and the judgment discharging the petitioner below, accordingly, is hereby reversed.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, and ADAMS, JJ., concur.

THOMAS, J., dissenting.