HENDRY, Judge.
The petitioners appeal from the circuit court’s denial of their petition for certiorari directed to the Miami City Council’s resolution which revoked appellants’ City of Miami night club license.
The night club license permits an alcohol dispensing establishment to remain open beyond the required closing hours of 1:00 A.M. on week days and 2:00 A.M. on Sunday.
It appears from the record that the basis of revocation of this municipal license was the conviction of two of the licensees’ employees for permitting individuals under the age of twenty-one to loiter in and about the appellants’ place of business where liquor was served.
It is appellees’ contention that the conviction of appellants’ employees of violating city ordinances are sufficient grounds upon which to base the revocation of the night club license.
Appellants argue in opposition thereto that the same activity which would result in the revocation of the státe liquor license should be required before the city night club license could be revoked. Appellants argue that the activity which resulted in the City Commission revoking their license would not have constituted sufficient grounds for the revocation of their liquor license.[1]
Appellees argue that, inasmuch as, these are different licenses for different purposes granted by different governmental entities, it is not necessary for the same standard to apply.[2]
In support thereof, appellees cite us to the case of Berman v. City of Miami, 17 Fla.Supp. 72 (11th Cir. 1960), affirmed, Fla.App.1961, 127 So.2d 683, wherein the *482 court upheld the revocation of a night club license based on violations of the city ordinances. Judge Eaton succinctly pointed out the difference’ between the state and city regulation in this area:
“The night club license is governed by different principles. The state has not attempted to regulate night clubs, their location, hours of. closing, etc. This license is a municipal occupational license as required by the Miami City Code. The municipality may revoke it for cause and after a proper proceeding. [Citations omitted.] Thus, the city may not prevent the state licensee from selling under their vendor’s license, but it need not permit them to operate a night club to the detriment of the morals of the municipality and in the face of an ordinance violation.” 17 Fla.Supp. at 75-76.
There is merit to appellants’ contention that there should be uniformity in the law, and inasmuch as it is necessary to have a liquor license before one can get a night club license, the same activity should be necessary before one should lose either license. In this instance we can not agree. The two licenses are different in many ways, and accordingly, should not be subject to revocation on the same basis.
The city night club license is in certain respects a refinement of the state liquor license, in that, it takes over where the state liquor license terminates. The city ordinance both “gives” and “takes away” from the privileges granted in the state liquor license. The night club license “gives” in the sense that it permits the establishment to remain open for business beyond the closing time required by the state liquor law. The night club license “takes away” in that its requirements are more strict in other respects. For instance, the physical requirements for certain purposes are set out, there must be a live band of music during certain months of the year, and other similar requirements which are not found in the state liquor law.[3]
It is therefore readily apparent that although the two licenses are related they are not so similar as to require the same standard as the basis of revocation of the license. The city has a legitimate interest in the control and regulation of night clubs,[4] and it may revoke the license in regard thereto on a more strict basis than the state could in a liquor license case.
Accordingly, the order denying the writ of certiorari is affirmed.
Affirmed.

. Cohen v. Schott, Fla.1950, 48 So.2d 154; Trader Jon, Inc. v. State Beverage Dept., Fla.App.1960, 119 So.2d 735.

. For our purposes we will assume that the record sustains appellants’ contention that this activity would not be sufficient to justify suspension of their state liquor license.

. Miami, Florida Code § 4-26 (1958).

. Berman v. City of Miami, supra.