PER CURIAM.
This is a petition for writ of certiorari to review an order of the Director of Beverage of the State of Florida denying the application of petitioner, Trader Tom’s Florida Fried Chicken, Inc., for a liquor license. Petitioner owns and operates an establishment in Gainesville, Florida. For over 17 years, beginning in the year 1956, Thomas F. Henderson, or the petitioner corporation of which Henderson is the chief executive officer and major stockholder, has held a license for the retail sale of beer and wine over the counter and for consumption on the premises which license or licenses have been renewed from year to year by the respondent beverage director and his predecessors in office. The only other person involved in this corporation is Gloria Henderson, wife of Thomas F. Henderson, who is vice-president and secretary. Both are residents of Gaines-ville, Alachua County, Florida. During the previous 17 year period and until the filing of this application, no question has ever been raised by the Division of Beverage with respect to the moral character of Mr. or Mrs. Henderson to hold a beverage license or licenses. Neither has ever been convicted of a felony, of any violation of the beverage laws of the State of Florida or of any misdemeanor. The evidence does show, however, that Mrs. Henderson was, convicted of shoplifting (violation of a municipal ordinance) by the Gainesville Municipal Court over five years ago.
For several years, petitioner, along with other establishments in Gainesville, has presented topless dancing by employees for customer .entertainment and has permitted topless dancing contests on the premises. During the 17 year life of this business, only two administrative charges have been filed against petitioner. They were heard by the Beverage Director in May of 1972, and both were dismissed. One involved dispensing from a keg with an erroneous label. The other involved nude dancing by a topless dancing contestant. As to the latter charge, it was found that the licensee had *154 no prior knowledge that the contestant intended to or would dance in the nude and that the licensee had announced during the contest on two occasions that dancing in the nude would not he tolerated.
Petitioner’s business appeals mainly to college age students in Gainesville, but its customers also include business and professional individuals, off duty police officers and other mature citizens. At the hearing, petitioner presented nine character witnesses who testified that the moral character of the officers of the petitioner was good and that they enjoyed a good reputation in the community. The only evidence to the contrary was the incidents above referred to and the featuring by petitioner of topless dancing in their place of business.
Prior to the hearing on the application, the Division of Beverage made an investigation of petitioner’s business. Following this investigation, which was conducted under the supervision of the District Supervisor of Division 4 (which includes Alachua County), the supervisor recommended approval of the application. He testified, however, that in addition to his written report and recommendation of approval, he had made an oral recommendation to the Director in which he stated in substance that he did not feel that this applicant was the best applicant for a liquor license because of the type of entertainment which was being provided in the establishment (the topless dancing). The Director denied the application finding that the topless dancing and dancing contests “support the allegation that the method of operation of applicant’s business is such that it may not be reasonably expected to keep free from those greater vices which have impelled restrictive legislation in this area and, therefore, also impairs the moral qualifications of the applicant.” He further found:
“It is the policy of this director to carefully scruntinize the background and qualifications of each and every applicant for a retail liquor license with the intention of issuing said license only to the most qualified of individuals and/or corporations. Section 561.20, Florida Statutes, provides for the issuance of an unlimited number of beer and wine licenses, but only a limited number of quota liquor licenses are available on the basis of the population of the county in which the establishment is located. Due to the nature of this distinction, it would appear more appropriate for any party holding a quota liquor license to have a licensed premises which is operated in such a manner that it may be of more service to the general public and not just to a select group of individuals.”
The statute makes no distinction between the prerequisites for issuance of a beer and wine license and those for issuance of a liquor license. Likewise, it makes no distinction as to grounds for revocation of a beer and wine license and a liquor license. In addition, although this liquor license is a quota license, such distinction is immaterial at this time in Alachua County because there are fewer applicants than authorized licenses. Thus, this is not a case in which the Director denied the application because he had another applicant whom he considered better qualified.
While topless dancing is objectionable to many persons, it is apparently condoned by the City of Gainesville and Ala-chua County and in other sections of the state. Numerous beverage licenses, including liquor licenses, have been issued to and are in full force and effect in other establishments which feature topless dancing. The Division of Beverage has admittedly not taken any action to revoke either the present beverage license of petitioner or the beverage licenses of the other establishments in the state which are furnishing the same type of entertainment. To deny this license for petitioner’s operation while allowing others to continue the same type of operation is discriminatory. Petitioner asserts and respondent apparently agrees that topless dancing does not violate any law or any ordinance in Alachua County.
*155 Respondent cites State v. Vocelle, 159 Fla. 88, 31 So.2d 52, for the proposition that the sovereign state, when functioning under its police power, may enact such measures as are reasonably calculated to be essential or necessary in behalf of the general welfare for the control and regulation not only of the sale but of the possession of intoxicating liquors. Respondent further cites Dade County v. Overstreet, Fla., 59 So.2d 862, for the proposition that the legislature has conferred on the State Beverage Director discretion and authority to approve or disapprove according to statutory requirements applications for licenses to manufacture and sell intoxicating liquors. Respondent further cites Permenter v. Younan, 159 Fla. 226, 31 So.2d 387, for the following proposition:
“One of the principal reasons underlying liquor license laws is to restrict liquor traffic to persons of good moral character who may be reasonably expected to keep their business free from greater vices . . . ”
We, of course, agree with the cited propositions of law. The Director, however, does not have an unbridled discretion which may be exercised in a discriminatory manner. Until respondent adopts a uniform policy as to the granting and revocation of beverage licenses to establishments that permit topless dancing, it cannot discriminate. The order denying this application must, therefore, be quashed with directions to respondent to issue the license applied for, but without prejudice to respondent to subsequently initiate revocation proceedings should it legally adopt a rule, regulation or administrative order prohibiting the issuance to and directing revocation of beverage licenses of establishments that allow topless dancing. This should not be construed, however, as a direction to respondent to adopt such a rule, regulation or administrative order, as such decision is within the sound discretion of the Division of Beverage subject to ultimate judicial review.
Certiorari is granted and the order of the Director of the Division of Beverage denying the application of Trader Tom’s Florida Fried Chicken, Inc., for a retail liquor license is quashed with directions to issue the license applied for.
SPECTOR, Acting C. J., and McCORD and BOYER, JJ., concur.