330 So.2d 46 (1976)
VICBAR, INC., a Florida Corporation d/b/a Vick's Bar and Restaurant, Appellant,
v.
The CITY OF MIAMI et al., Appellees.
No. 75-127.
District Court of Appeal of Florida, Third District.
March 23, 1976.
Rehearing Denied April 27, 1976.
Joe N. Unger, A. Jay Cristol, Miami, for appellant.
John S. Lloyd, City Atty., and S.R. Sterbenz, Asst. City Atty., for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PEARSON, Judge.
The appellant Vicbar, Inc., is the operator of a nightclub in downtown Miami. The appellee, City of Miami, after administrative proceedings pursuant to city ordinance, notified Vicbar that its nightclub license would not be renewed. Vicbar filed a complaint for declaratory judgment and a petition for certiorari, claiming an unconstitutional deprivation of its property rights. The trial court denied relief.[1] This appeal is from that judgment.
*47 The only substantial question involved here is whether the code provisions under which the City of Miami proceeded are constitutionally valid.[2] We hold that the ordinance is fatally defective because under its provisions the City Manager has absolute and uncontrolled discretion to refuse to renew a nightclub license without the establishment of standards or guidelines for the exercise of that discretion. See State v. City of Tallahassee, 1937, 130 Fla. 418, 177 So. 719, 721; State v. City of Miami, Fla.App. 1958, 107 So.2d 387; Amara v. Town of Daytona Beach Shores, Fla.App. 1966, 181 So.2d 722.
There is no distinction at law between the revocation of a license and the refusal to renew that license. In each case, a private right is changed or taken away and due process of law is essential to the proceeding. Cf. Trader Tom's Florida Fried Chicken, Inc. v. Wynne, Fla.App. 1974, 302 So.2d 153. An administrative determination to revoke a license constitutes the performance of a quasi-judicial function. See Robertson v. Industrial Insurance Company, Fla. 1954, 75 So.2d 198, 45 A.L.R.2d 1292.
The ordinance under examination is triggered by the conviction of an agent or employee of a violation of the city's regulations for nightclubs or a conviction for a violation of the alcoholic beverage laws of the State. The penalty is a refusal to renew the license but the penalty is conditional and is to be invoked only if the city manager, after a hearing, decides to enforce the penalty. If the refusal to renew in the first instance is regarded as automatic, then there is no provision for a hearing and the entitlement to a new license is in the absolute discretion of the city manager. If, on the other hand, the conviction is a prelude to the hearing, then the city manager has an absolute discretion as to the continuance of the business. In either case, it is necessary that the discretion of the revoking official be limited to guidelines having some reasonable relationship to the public health and welfare. State v. City of Miami, Fla.App. 1958, 107 So.2d 387.
In Permenter v. Younan, 1947, 159 Fla. 226, 31 So.2d 387, the Supreme Court of Florida considered an appeal from an order for peremptory writ of mandamus issued by a circuit court to compel a city inspector to renew a city license for the sale of beer and wine. The court held:
* * * * * *
"[1] The generally accepted rule is to the effect that an ordinance which vests in municipal authorities arbitrary *48 discretion to grant or revoke a license to carry on an ordinarily lawful business, without prescribing definite rules and conditions for the guidance of the authorities in the execution of their discretionary power, is invalid. 38 Am.Jur., p. 26, Section 337; Anno., 12 A.L.R. 1436, 54 A.L.R. 1104, and 92 A.L.R. 401.
"[2] There is no inherent right in a citizen to sell intoxicating liquors, nor a privilege to a citizen of Florida or a citizen of the United States. Mears v. Stone, 151 Fla. 760, 10 So.2d 487.
"[3] So there is the exception to the ordinary lawful business rule where the business to be engaged in is a mere privilege, rather than a right. For example, dealing in intoxicating liquors falls within the exception category, because its character tends to be injurious."
* * * * * *
We believe, however, that the Supreme Court of Florida has receded from this view. In Cohen v. Schott, Fla. 1950, 48 So.2d 154, that court stated:
* * * * * *
"The law makes the sale of intoxicating beverages a legitimate business, imposes a high tax for the privilege of engaging in it and exacts a high degree of rectitude of those who do so. An inquisition into a charge of violating the conditions of one's license is in no sense criminal but equitable in nature and should be adjudicated on equitable principles."
* * * * * *
For the application of federal standards, see Mayhue v. City of Plantation, 375 F.2d 447 (5th Cir.1967). We conclude that in the light of more recent decisions, the right to a renewal of a license of a business dealing in intoxicating liquor must be judged by the constitutional standards applicable to a lawful business.
We are sympathetic to the desire of the City to regulate and supervise closely businesses which engender trouble for the police authorities. There is no reason that an ordinance may not provide that such businesses may lose their licenses when their actions are reasonably calculated to endanger the public. The thrust of this opinion is simply that such a decision must be made in conformity with established constitutional provisions for due process.
We find nothing in the conduct of the hearing provided which was improper or unlawful. Therefore, appellant's second point fails to present reversible error. But, having found error in the trial court's holding that the ordinance provided for a revocation of appellant's license under due process of law, the judgment is hereby reversed with directions to quash the order of the City of Miami denying the application of Vicbar, Inc., for a license.
Reversed and remanded.
NOTES
[1] The trial judge found:

* * * * *
"Such cases as Sawyer v. City of Miami, Fla.App. 1965, 172 So.2d 481, Cert. den'd., 177 So.2d 476, and Berman v. City of Miami, 17 Fla. Supp. 72 (11th Cir.1960), affirmed, Fla.App. 1961, 127 So.2d 683, and the treatise treatment of amusement houses, including night clubs, contained in 2 Fla. Jur. 200, Amusements, Sec. 8. Theaters, Public Halls, Etc., demonstrate the extent of the control municipalities have over the licensing and regulation of night clubs. It has not been shown that the plaintiff in this case is entitled to any relief from the December 13, 1974 letter order of City Manager P.W. Andrews of the City of Miami."
* * * * * *
[2] The portions of the ordinance relevant to this opinion are as follows:

"Section 3-47.
Refusal of renewal, etc., of license for certain convictions during preceding licensing year.
"No night club license shall be issued, reissued or renewed at the start of a new licensing year at the location of any previously licensed night club when the holder or any managing agent or employee of the holder of a night club license at such location has been convicted of a violation of this chapter, section 4-6 or the alcoholic beverage laws of the state during the city license year immediately preceding such new licensing year.
* * * * *
"Any holder or former holder of, or applicant for, a night club license subject to the foregoing provision may request and obtain a hearing before the city manager, as a result of which hearing the city manager may authorize or deny the issuance, reissuance or renewal of a night club license to such holder, former holder or applicant after hearing such evidence as may be presented concerning the previous and the proposed operation of such night club."
* * * * *