STATE v. CITY OF PENSACOLA.

197 So. 520
En Banc
Opinion Filed July 30, 1940

*E. Dixie Beggs, Jr.,* for Appellant;

*Ernest E. Mason,* for Appellee.

TERRELL, C. J.—This appeal is from a final decree validating an issue of water revenue certificates of the City of Pensacola, dated July 1, 1940. The City contends that it has express authority under Chapter 17118, Acts of 1935, and implied authority under Chapter 15425, Acts of 1931, to issue said certificates for the purpose of extending its water works system.

It is admitted that the City is authorized to issue water revenue certificates for the purpose of improving and ex-

tending its water supply and distribution system within the city limits. It is also admitted that if the City has power to extend its water distribution system into areas adjacent to but outside the city that it has power to issue water revenue certificates for that purpose so the only question we are concerned with here is the authority of the City to extend its waterworks system into the unincorporated area of Brownsville and West Pensacola adjacent to but beyond the limits of the city.

Chapter 17118, Acts of 1935, was designed to promote the public health, safety, and welfare of all municipalities by the construction of water works system, sewage systems, garbage collection, and garbage disposal plants. Section 1 (C) of said Act authorizes any municipality "to extend and execute all of its corporate powers applicable for the accomplishment of the purposes of this Act outside of its corporate limits, as hereinafter provided, and as may be desirable or necessary for the promotion of the public health, safety, and welfare or for the accomplishment of the purposes of the Act." Other provisions of the Act contribute to this general purpose as does Chapter 15425, Acts of 1931.

The ordinance authorizing the issuance of the certificates brought in question declared that it was necessary and imperative for the protection of the public health of the city to extend its water supply and distribution system into the unincorporated areas adjacent thereto known as Brownsville and West Pensacola. This declaration of policy was supported by the testimony of the city engineer and the county health officer and the basis for their judgment is convincing to anyone.

The record further discloses that the general taxing power of the City is not invoked for the payment of said certificates, that it is proposed to liquidate them, both prin-

cipal and interest, with net revenues from the water works system and that such revenues for the five years last past are shown to have been ample for this purpose. State v. City of Pensacola, 135 Fla. 239, 184 So. 768, supports this view.

On this showing, the chancellor held that the City was fully authorized to issue the certificates without an approving vote of the freeholders. Limited to the peculiar facts of this case, we find no error in his judgment so it is affirmed. See also State v. City of Tampa, 137 Fla. 29, 187 So. 604.

Affirmed.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.