PATTERSON, TERRY B., Associate Judge.
This cause is here on appeal from a peremptory writ of mandamus entered in the Circuit Court of Hillsborough County, requiring the respondents, as the Florida Industrial Commission, to issue to the petitioner, appellee, a renewal of his license for 1959 to manage a private employment agency pursuant to Private Employment Agency Law, Chapter 449, Florida Statutes, F.S.A.
Petitioner, on July 9, 1959, filed with the Commission his request for renewal, in proper form and accompanied by the required fee. The request was administratively denied by the Commission on August 5, 1959. Thereafter petitioner filed his petition for alternative writ of mandamus, contending that by the terms of the Private Employment Agency Law he was entitled to a renewal as a matter of right and that it was the ministerial duty of the Commission to issue the renewal on his request therefor in proper form. Petitioner relies on Section 449.12 of the Act which reads as follows :
“449.12 * * * License for the next succeeding year shall be issued upon written request on the form prescribed by the commission and it shall be accompanied .by the required fee. When made in proper form such request shall not be denied or unreasonably delayed.”
The respondents by motion to quash and return to the alternative writ, assert that the statute affords the applicant for a license no clear legal right to its issuance but reposes in the Commission the discretion to deny a license for cause. The Commission relies on Section 449.15 which they contend, when read in pari materia with Section 449.12, affords the Commission the administrative right to deny an application for cause, whether the application is for an initial license or for the annual renewal of an outstanding license. Section 449.15, upon which the Commission relies, provides as follows:
“The commission may deny any application for license for applicant’s failure to meet any qualification or requirement prescribed in this chapter, or for any cause which, if applicant were already licensed hereunder, zvould he ground for revocation of such license, * * * ” (Italics supplied.)
We think there is no question that Section 449.12, if standing alone, would indeed provide for the renewal of licenses as a matter of right upon request in proper form. But we must decide whether Section 449.15 qualifies or modifies the clear language of that Section. From a study of the two sections we are compelled to the conclusion that it does not.
Appellants rely on the italicized portion of the section for the contention that the *811 section applies as well to holders of existing licenses as well as applications for an initial license. We think the grammar used in the section requires us to disagree. Had the statute read “if applicant is already licensed hereunder”, we might think the Commission’s contention had merit. The use of the subjunctive “were” instead of the indicative “is” removes from the clause any intention that any applicant applying under that section could already be a holder of a license.
We agree with the Circuit Judge that the policy and intention of the statute, reading the quoted sections together, are that once an applicant becomes licensed, the annual renewal of his license follows as a ministerial duty of the Commission and a matter of right; and that if violations occur the Commission is required to resort to the provisions for revocation.
Affirmed.
KANNER, Acting Chief Judge, and SHANNON, J., concur.