171 So.2d 169 (1965)
STATE of Florida, Appellant,
v.
MANATEE COUNTY PORT AUTHORITY, Appellee.
No. 33668.
Supreme Court of Florida.
January 20, 1965.
*170 Frank Schaub, Beadenton, for appellant.
Goodrich, Hampton & Boylston, Beadenton, for appellee.
THORNAL, Justice.
We have for review by appeal, a decree of the Circuit Court validating an issue of revenue bonds to finance the construction of "Port Facilities" in Manatee County.
We are called upon to consider the legality of the existence of the issuing agency and the sufficiency of the description of purposes to be accomplished by the financing program.
By resolution adopted June 24, 1963, the Board of County Commissioners of Manatee County designated itself as a Port Authority under Chapter 315, Florida Statutes, F.S.A. By a subsequent resolution, adopted July 8, 1964, the same Board, acting as the governing body of the Manatee County Port Authority, adopted a comprehensive resolution authorizing the issuance of revenue bonds to finance the construction and acquisition of port facilities in the Piney Point area of Manatee County. This resolution authorized the issuance of $750,000 in revenue bonds to be secured by a pledge of the income of the facilities, supported by an additional pledge of race track revenues payable to the county, pursuant to Chapters 550-551, Florida Statutes. It included an estimate of $100,000 per year as gross receipts from the facility and an annual income of $225,000 from race track revenue. The bonds are to be dated July 1, 1964 and mature July 1, 1999, subject to certain redemption privileges. By a subsequent resolution adopted July 17, 1964, the Board of County Commissioners, as such, approved and confirmed the bond resolution and specifically recognized the proposed securities as county obligations within the limits prescribed by the resolution. A motion to dismiss the petition for validation was denied. After hearing, the Circuit Judge entered a decree validating the issue. The State now seeks reversal of this decree.
Primarily, the State contends that the Manatee County Port Authority cannot issue the bonds because it has no separate existence as a legal entity. It further asserts that the petition and authorizing resolution failed to describe, with reasonable definiteness, the purpose for which the bond proceeds are to be used.
By its initial resolution the Board of County Commissioners constituted itself a Port Authority under the provisions of Chapter 315, Florida Statutes, F.S.A. Under this Act, and by the resolution, the Port Authority is not a separate governmental agency. Chapter 315, Florida Statutes, F.S.A., is obviously a general authorizing enactment to provide for the accomplishment of the public objectives therein described. When a board of county commissioners constitutes itself into a Port Authority under the act, it does not thereby purport to bring into being an autonomous governmental unit. The Manatee County Port Authority is not a separate political subdivision. It is, in reality, merely the Board of County Commissioners functioning under a different name for administrative purposes. The Commissioners simply take on additional duties as a Port Authority under the authorizing statute. Burton v. Dade County, Fla., 166 So.2d 445. These additional functions are logically incidental to the other functions of the Board as the governing agency of the county. We find no merit to the attack on the validity of the existence of the authorizing agency.
The bond resolution recites that it was adopted pursuant to Chapter 315, Florida Statutes, F.S.A. It clearly provides that its intended purpose is to accomplish the construction of the public facility described by statute. It authorizes the construction *171 of "Port Facilities" in the Piney Point area. It provides for land acquisition and the construction of port improvements. It is clear that it is contemplated that the port facilities to be constructed are those specifically defined by Section 315.02(6), Florida Statutes, F.S.A. Nowhere does it appear that there is any purpose to pledge the public credit for private functions in violation of Article IX, Section 10, Florida Constitution, F.S.A. The project to be constructed under the resolution is inseparably tied to the definition of "Port Facilities" defined by Section 315.02(6), supra. Any subsequent deviation from this definitive specification of port facilities would be in violation of the limitations built into the resolution itself. These port facilities defined by the statute and prescribed by the resolution, provide for the accomplishment of public purposes and objectives. The authorizing resolution, therefore, reasonably defines the proposed facility with sufficient specificity to identify the project. Similarly, it precludes any inference of an intention to devote the bond proceeds to a purely private enterprise. The project described in the resolution is clearly that defined as port facilities in Section 315.02(6), supra. The resolution thereby avoids the vice of indefiniteness condemned by State v. Suwannee County Development Authority, Fla., 122 So.2d 190.
It is further suggested that the record fails to support a conclusion that the proposed project is fiscally sound. We have held that the fiscal feasibility of a revenue project is an administrative decision to be concluded by the business judgment of the issuing agency. Such problems as the advisability of the project and its income potential, must be resolved at the executive or administrative level. They are beyond the scope of judicial review in a validation proceeding. Town of Medley v. State, Fla., 162 So.2d 257. We, therefore, disclaim any judicial responsibility for the fiscal integrity of the proposed project. As we stated in Medley, a decision on this aspect of revenue financing is one to be made by the people involved, acting through their proper executive or administrative officials. The function of a validation proceeding is merely to settle the basic validity of the securities and the power of the issuing agency to act in the premises. Its objective is to put in repose any question of law or fact affecting the validity of the bonds. State v. Suwannee County Development Authority, supra; North Shore Bank v. Surfside, Fla., 72 So.2d 659. We note in passing that the resolution and validating decree expressly preclude any obligation of the ad valorem taxing power of the county.
We have examined other incidental procedural questions presented by the appeal. They do not justify a reversal. We consider an extensive discussion of them to be unnecessary.
Finding the validation decree to be without error, it is affirmed.
It is so ordered.
THOMAS, ERVIN and HOBSON (Ret.), JJ., concur.
DREW, C.J., dissents in part.
O'CONNELL, J., dissents.
CALDWELL, J., dissents with Opinion.
CALDWELL, Justice (dissenting).
I must dissent. The description and proof of the purposes for which the proceeds of the bond issue are to be used are fatally inadequate. The broad language of the resolution and the statute does not put the public upon sufficient notice of what is intended. The majority holding to the contrary clashes with the decision of this Court in State v. Suwannee County Development Authority, 122 So.2d 190, 193 (Fla. 1960) in which it was held:
"[C]ommon sense impels the conclusion that the issuing governmental agency should set forth in the petition *172 for validation of bonds or revenue certificates a description of the purpose for which the proceeds are to be used, which description should be sufficiently detailed to enable a member of the public and the state to determine whether the issuing agency can lawfully expend public monies therefor."
The vague and general statement as to the nature of the facilities proposed does not afford the public an opportunity to safeguard its essential interest in the development.
DREW, C.J., and O'CONNELL, J., concur.