186 So.2d 503 (1966)
James L. RIANHARD, Helen M. Rianhard, et al., Appellants,
v.
PORT OF PALM BEACH DISTRICT, IN AND FOR COUNTY OF PALM BEACH, Florida, Appellee.
No. 35108.
Supreme Court of Florida.
May 4, 1966.
*504 Alley, Maass, Rogers, Lindsay & Chauncey, Palm Beach, and Fisher, Prior, Pruitt & Schulle, West Palm Beach, for appellants.
Burns & Weber, West Palm Beach, for appellee.
ERVIN, Justice.
This is an appeal from a decree of the Circuit Court of Palm Beach county validating a $1,000,000 issue of revenue certificates of Port of Palm Beach District, a public corporation.
Appellants, who intervened below as respondents, to object to the validation of the issue, raise on appeal the following points:
(1) Did the Circuit Court err in validating the certificate issue without first affording respondent opportunity of presenting testimony or other evidence in opposition? (2) Was evidence required to support the allegations of the validation petition and the resolution authorizing the revenue certificate issue? (3) Do said petition and resolution sufficiently describe the purposes for which expenditures of the revenue certificate funds are to be made? (4) Does the proposed issue violate the requirements of Section 6, Article IX of the State Constitution, F.S.A.? (5) Is Chapter 59-1701, Laws of Florida, invalid because its title does not comply with Section 16 of Article III of the State Constitution?
None of the points raised appears to be well founded.
As to Point 1, we find from the record all questions presented below by counsel for all parties at the validation hearing were limited solely to questions of law. At this hearing after raising questions as to the legal sufficiency of the petition, the respondents in effect sought a continuance in order that they might have time thereafter to gather evidence and submit the same at a later hearing. However, there was a duly published notice in which a particular date was set for the validation hearing. The respondents intervenors were thereby notified as provided by law to be ready to present their objections to the validation including their testimony or other evidence of any. The court offered respondents opportunity to present their evidence but they made no effort then to submit any nor made any proffer whatever.
The record does not disclose the circuit court in any way misled respondents in regard to the matter of subsequently affording them opportunity to present testimony or other evidence. The circuit judge said at the hearing that he would rule on questions of law, adding "* * * and if there is in the opinion of the court the need for taking testimony, I will fix a time." (Transcript, p. 23.) Thus the judge indicated he would study the questions of law presented and determine therefrom whether any testimony was needed in *505 order to aid him in making his final determination. The question of whether a further hearing was necessary was a matter within the discretion of the circuit court. The question of granting a continuance in the case was likewise to be determined by the court. See F.A. Section 75.07, F.S.A.
It is the intent of the law that validations be expedited at the earliest time reasonably possible. Nothing in the record of this case leads us to conclude the circuit court abused its discretion in not setting further hearing for the taking of testimony but properly proceeded after considering all that was offered at the initial hearing to enter the decree of validation.
As to Points 2 and 3: It appears that the resolution adopted by the Board of Commissioners of the Port of Palm Beach District authorizing the issuance of the revenue certificates was admitted into evidence at the validation hearing without objection from appellants. Upon inspection, we find this resolution authorizes the issue and sufficiently describes the purposes for which the funds derived from the sale of the certificates will be expended. It calls for certain described Port District construction and improvements to cost approximately $925,000.00, together with the retirement as far as possible of $144,000.00 of outstanding Port District Refunding Revenue Certificates. The resolution finds that the revenues to be derived annually from operation of the port facilities will be sufficient to pay the principal and interest of said certificates. It notes that gross revenues from operation of the port facilities in 1962, 1963, 1964, averaged in excess of $240,000.00 yearly.
The resolution provides that the proceeds from the sale of the revenue certificates would be "for the construction of warehousing facilities, preparation of open storage areas, improvements to the docking and berthing facilities, drainage, and the deepening and widening of the existing port channel, and other purposes necessary, appurtenant or incidental thereto."
Appellants question the fact that plans and specifications of the proposed improvements were not offered in evidence by appellee.
We think the introduction of the supporting resolution in evidence is all that was necessary to justify validation. In State of Florida v. Manatee County Port Authority, Fla.App., 171 So.2d 169, we approved as sufficient evidence to justify validation of revenue certificates similar to those in this case only the introduction of the supporting resolution covering that issue. Nor did we there find it necessary that detailed plans and specifications of the proposed improvements to be undertaken from the funds of the proposed revenue certificates be submitted in evidence.
As to Point 4, we find that Section 10 of Article III of the supporting resolution provides the revenue certificates shall not be payable by general or special taxation, but solely from gross revenues of the port facilities and that no holder of any certificate shall ever have the right to compel exercise of the ad valorem taxing power of the port to pay said certificates or interest thereon or be entitled to payment of the same from any other funds of the port, except said gross revenues.
The appellants point out that § 8 of Ch. 59-1701, Special Acts of Florida, relating to the port district and providing for the revenue certificate issue, authorizes the port authority to assess up to two mills annually upon the taxable property in the district to pay costs of operation and maintenance of the district.
Appellants contend the port facilities are dependent upon the exercise of said ad valorem taxing power so long as any portion of the revenue certificates are outstanding, referring to the fact the supporting resolution authorizing the issuance of the certificates contains a covenant with the holders of the certificates that the district will maintain the port facilities in good condition and operate the same efficiently. The appellants also assert the certificate *506 holders may enforce covenant remedies against the port district, compelling the performance of all duties required by the resolution or by the statute. Therefrom appellants contend there is devised an attempt to circumvent the requirements of Section 6, Article IX of the State Constitution, citing State v. Halifax Hospital District (Fla. 1963), 159 So.2d 231.
We cannot agree with appellants' conclusion. The permissible authority to levy the millage for operation and maintenance of the port facilities coupled with the stated covenants in the supporting resolution do not amount to circumvention of the Constitution.
In the case of Town of Medley v. State (Fla.) 162 So.2d 257, it was held only bonds or certificates which directly obligate ad valorem taxing power contravene the constitutional provision requiring a freeholder election, and the incidental effect on use of ad valorem taxing power occasioned by pledging of other sources of revenue does not subject the bonds or revenue certificates to the constitutional requirement.
In State v. Halifax, a levy of four mills annually was mandatorily required during the life of the certificates; here, it is not mandatorily required. In this case, no certificate holder can compel the levy authorized by Ch. 59-1701, because the certificate resolution expressly provides no certificate holder can compel the exercise of the taxing power of the port for any purpose whatever. See also State v. City of Winter Park, 160 Fla. 330, 34 So.2d 740, and State v. Manatee County Port Authority, supra.
As to Point 5, we do not find the title of Ch. 59-1701, Special Acts of Florida, violative of Section 16 of Article III of the State Constitution.
The title expressly authorizes the port district to issue certificates or bonds not exceeding $1,000,000.00; provides for fixing fees, rates, rentals or other charges for the services and facilities of the district and the pledge thereof to the payment of any certificates or bonds issued and concludes with the following language:
"* * * authorizing covenants and agreements between the district and the holders of any revenue bonds or certificates to be issued by the district and providing for the rights, remedies and security of the holders of said revenue bonds or certificates and for the obligations and duties of the district relating thereto; and providing when this Act shall take effect."
The body of the Act authorizes the circuit court to appoint a receiver in case of default of the revenue certificates. Appellants contend such provision is not covered by the title. In addition, there are other claims by the appellants that the title defectively fails to give notice of certain provisions, viz., that the revenue certificates shall be legal investments for savings banks and banks and trust companies; that any income from bond issues shall be exempt from taxation by the state or political subdivisions thereof; and empowers the port district to contract with other public bodies.
We fail to denote any violations of said Section 16 of Article III based on appellants' contentions. The matters referred to in the body of the special act all appear to be incidentally related and properly connected to primary subjects expressed in the title and fairly and naturally germane thereto. See Wiggins v. City of Green Cove Springs (Fla.), 159 So.2d 219.
We find no error in the validation decree.
Affirmed.
THORNAL, C.J., and THOMAS and HOBSON (Retired), JJ., concur.
CALDWELL, J., dissents.