ERVIN, Justice.
This is an appeal’ from the final decree of the Circuit Court of Florida, Eighth Judicial Circuit in and for Alachua County, validating $ 12,800,000.00 electric, water and sewer revenue bonds of the City of Gaines-ville, Florida.
The instant validation suit was predicated on an ordinance designated No. 1427 adopted by the Gainesville City Commission on August 23, 1966. The ordinance provided for consolidating the existing electric, water and sewer systems. It also authorized the construction and acquisition of additions, extensions and improvements to the proposed combined system and, to finance the cost thereof, authorized the issuance of said revenue bonds.
Appellants present five points for our consideration upon which they seek a reversal of the lower court’s validation. They are:
1. Whether the City of Gainesville could authorize the expenditure of funds, to be obtained from revenue bonds, for enlargements and extensions to its city-owned and operated electrical plant without a vote of qualified electors, as contemplated by F.S. Chapter 172, F.S.A.
2. Whether the ordinance upon which the validation was predicated is legally sufficient.
3. Whether the petition for validation is sufficient to meet the requirements of F.S. § 75.04, F.S.A.
*851 4. Whether the City of Gainesville has authority to extend its water, sewer and electric distribution systems beyond its corporate limits.
5. Whether the pleadings and evidence demonstrated a gross and palpable abuse of discretion by the City Commission in the planned expansion of the said systems into areas outside of the corporate limits.
After having heard oral argument of counsel, studied the briefs and carefully examined the record, we conclude that the decree of the court below is correct and concur with the same for the following reasons:
As to Point 1, we hold the City of Gainesville was not required to, and did not exercise, authority under or subject to the provisions of F.S. Chapter 172, F.S.A. Rather, the extension and enlargement action was taken under authority originally granted the City in Chapter 5497, Special Acts 1905, and expressed again in Chapter 12760, Special Act 1927, and amendments thereto. (See also, Ch. 6347, Special Acts 1911.) That such action under special acts of the Legislature is legally proper even though such acts may differ from a general law on the same subject, see, for example, City of Orlando v. Evans, 132 Fla. 609, 182 So. 264, and State ex rel. Bodner v. Carbonelli, Fla., 80 So.2d 913.
The necessary vote approving city ownership of the electric plant pursuant to Chapter 172 was cast in 1905 by the electors of the City of Gainesville. Thus the approval of said electors was duly given to originally establish the city electric plant. But the city electors are not required by said special acts to vote on the question of extensions or enlargement of an already city-owned electric plant. Even under Chapter 172 it is noted F.S. § 172.05, F.S.A., as amended by Chapter 22858, Acts of 1945, when read in connection with F.S. § 172.04, F.S.A., authorizes a city owning an electric plant to extend or enlarge the same, and no election approving such extension or enlargement is required unless the bonds proposed to be issued therefor come within Section 6 of Article IX of the State Constitution, F.S.A. The revenue bonds in the instant case are not general obligation bonds of the City and its tax credit is not pledged to secure them.
As to Point 2: The ordinance in question is legally sufficient and Appellants’' attack thereupon is without merit. The subject of the ordinance is expressed with such certainty as to give reasonable notice of its scope and all matters reasonably related thereto.
As for Point 3: The requirements of F.S. § 75.04, F.S.A., with which we are concerned regarding the petition for validation of bonds, are that the petition “ * * briefly set out * * * the petitioner’s authority for incurring the bonded debt or issuing certificates of indebtedness * * ” It is our judgment that Appellee has fairly met required conditions.
As for Point 4: The authority of the City to extend its water, sewer and electric distribution systems beyond its corporate limits is found, inter alia, in Chapter 8957, Special Act 1921, and Chapter 12760, Special Acts 1927. That this Court has likewise approved similar extensions see, for example, State v. City of Tampa, 137 Fla. 29, 187 So. 604; State v. City of Pensacola, 143 Fla. 823, 197 So. 520, and State v. City of Miami, Fla., 76 So.2d 294.
As for Point 5 : In regard to the last point cited by Appellants, suffice it to say that there is adequate material or evidence in the record of this case to fully support the actions of the City Commission of the City of Gainesville in the instant cause. We find that the evidentiary showing by Appellee in support of the validation of the revenue bonds more than meets the tests indicated in the cases of State of Florida v. Manatee County Port Authority (Fla.), 171 So.2d 169, and Rianhard v. Port of Palm Beach District (Fla.), 186 So.2d 503.
*852 Thus, we find that the City of Gainesville has acted within and pursuant to proper authority and procedure in the instant cause, and in view of such finding do hereby affirm the final decree rendered by the Circuit Court.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS and CALDWELL, JJ., concur.