SPECTOR, Chief Judge.
Petitioner seeks review of an order entered by the respondent board refusing to renew petitioner’s license as a horse trainer, which apparently he had held for some years. The chief complaint raised by petitioner in this proceeding is that respondent failed to adduce evidence at the hearing which resulted in the nonrenewal order.
Respondent contends that the issuance of licenses and annual renewals thereof are unlike the usual revocation proceedings which require the holding of a quasi-judicial hearing preceded by specific charges, notice of hearing, the appearance of witnesses, cross-examination and the like. Respondent contends that a licensee has a continuing burden to demonstrate that he possesses all of the statutory prerequisites to licensure each year when his license comes up for renewal. The letter by which the respondent notified petitioner that his license would not be renewed for the ensuing year stated as the reason that petitioner lacked the integrity required to be had by all applicants for license. At the hearing, petitioner objected to the absence of specific charges and evidence against him. Apparently, the absence of evidence was explained by the respondent’s mistaken view that the burden to demonstrate his qualifications rested with petitioner, who of course remained mute.
Regrettably, the respondent has misconstrued the nature of its duties and obligations as they relate to its license renewing function. The courts of this State have held that refusal to renew a license to a person who has once demonstrated that he possesses the statutory prerequisites to li-censure cannot be used as a substitute for a license revocation proceeding. In Vocelle v. Riddell, 119 So.2d 809 (Fla.App.1960), the court held that under Chapter 449, Florida Statutes, F.S.A., once a license had been issued, the annual renewal thereof follows as a ministerial duty; and if a violation occurs, the Industrial Commission must resort to revocation rather than a denial of renewal.
More recently, in Wilson v. Pest Control Commission of Florida, 199 So.2d 777 (Fla.App.1967), the court was confronted with a situation not unlike that now before us. There, Wilson, a licensee of the Pest *275 Control Commission for some time, had been refused renewal of his license without having been afforded a full administrative hearing, quasi-judicial in nature, as provided by Chapter 120, Florida Statutes, F. S.A. The court held that the statute in question there was to be read in pari ma-teria with Chapter 120, Florida Statutes, to afford due process to parties whose legal rights and privileges may be determined by administrative action. The court stated:
“One could justifiably expend considerable sums of .money in reliance upon the right to continue in business. Penal sanctions should therefore be directed only towards those who by their conduct have forfeited their privilege, and such privilege should be denied only after due process of law in a full, open and fair hearing. The power to stop the renewal of licenses once issued and needed in order to engage in a specific business is indeed an ominous power and should be exercised with no less careful circumspection than the original issuance of the license.”
We think the case at bar is controlled by the principles enunciated by the court in Wilson, supra. Before the respondent board may refuse to renew a license, charges must be filed against the licensee setting forth with a reasonable degree of specificity the grounds upon which it bases its action and all other procedural safeguards as provided by Chapter 120, Florida Statutes, must be afforded. In such a proceeding, the burden is upon the administrative agency to adduce' evidence • supportive of the charges preferred.
Accordingly, we quash the order reviewed herein and remand this cause to the respondent board with directions to proceed in accordance with the provisions of Chapter 120, Florida Statutes.
CARROLL, DONALD K.,‘ and WIG-GINTON, JJ., concur.