DAUKSCH, Judge.
Petitioner seeks review of an Order by the Florida Construction Industry Licensing Board suspending his swimming pool contractor’s registration. We deny certiorari.
The issue is whether the Board can suspend the registration of an unregistered contractor whose application for registration was pending approval at the time the contractor violated the law. We answer in the affirmative.
The facts are that Petitioner was registered as a contractor until June 30 when his registration expired. On July 25 he requested renewal of his registration which renewal was granted on December 10. In October and November Petitioner violated Section 468.112(2)(c), Florida Statutes (1975), by combining with a contractor unqualified to obtain permits in Orange County through use of Petitioner’s registration. Section 468.112(6), Florida Statutes (1975), provides:
“The lapse or suspension of a certificate or registration by operation of law or by order of the Board or a court, or its voluntary surrender by a certificate holder or registrant does not deprive the Board of jurisdiction to investigate or act in disciplinary proceedings against the certificate holder or registrant.”
Implicit in this Statute is the authority of the Board to suspend the registration of one who has pending a renewal of a registration. This is made especially true because the renewal is a mandatory, ministerial, act by the Board according to Section 468.-108(2), Florida Statutes (1975). When a prior registrant complies with this Statute the Board must issue the renewed registration. cf. Vocelle v. Riddell, 119 So.2d 809 (Fla.2d DCA 1960).
Certiorari DENIED.
ALDERMAN, C. J., and LETTS, J., concur.