364 So.2d 738 (1978)
CITY OF TAMPA, a Municipal Corporation of the State of Florida, Appellant,
v.
ISLANDS FOUR, INC., a Florida Corporation, Appellee.
No. 77-1870.
District Court of Appeal of Florida, Second District.
September 27, 1978.
Rehearing Denied November 27, 1978.
*739 Henry E. Williams, Jr., City Atty. and Thomas K. Morrison, Asst. City Atty., Tampa, for appellant.
Britt Whitaker, Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Appellee Islands Four, Inc. owned and operated a dance hall on Davis Island, which is located within the city limits of appellant City of Tampa. For several years Islands Four had been licensed by the city to operate the dance hall as well as a hotel, restaurant, and bar on the same premises. Appellee applied to the city for renewal of its public dance hall license for the occupational license year October 1976  September 1977. At a regularly scheduled Tampa City Council meeting held on January 25, 1977,[1] several residents of Davis Island appeared and objected to the renewal of the dance hall license on various grounds. John Golden, one of the four officers and owners of Islands Four, was present at the meeting and argued in support of renewal of the dance hall license. The city council voted not to renew the license after hearing the arguments.
On January 27, 1977, attorney for appellee filed with the city council a request for rehearing on the matter. The request was granted and on February 15, 1977, the city council held a hearing to reconsider their action of January 25. At this hearing the four owners of Islands Four were present and were represented by an attorney who presented evidence and testimony. Evidence and testimony against the renewal of the Islands Four dance hall license were presented by an assistant city attorney and by several residents of Davis Island who reported being disturbed by loud noise from the dance hall at night, among other complaints. The city council was advised by an assistant city attorney of section 6-44 of the City of Tampa Code which provides that a dance hall license may be revoked for violation of ordinances applying to dance halls. He further advised council of Sections 23-1 and 23-2 which prohibit the creation of unreasonably loud noise by the playing of musical instruments in such a manner as to disturb the repose of persons in any dwelling. Thereafter the Tampa City Council voted to deny renewal of the Islands Four dance hall license.
Subsequently, appellee commenced an action against appellant in the Circuit Court of Hillsborough County seeking an injunction and damages.[2] The complaint alleged that the Tampa City Council acted in an arbitrary, capricious, and discriminatory manner when it denied renewal of the Islands Four dance hall license. At the final hearing of the circuit court, over objection of counsel for the city, evidence and testimony were received which had not been presented to city council at the February license hearing. The court in its final judgment found that the city council acted in an arbitrary, capricious, and discriminatory manner at its February 15, 1977 hearing; and directed appellant to issue the dance hall license to Islands Four and to pay Islands Four the sum of $75,000 as damages. The final judgment did not include any findings of fact.
*740 Whether the act was arbitrary or capricious is determined first by a look at the applicable ordinances. If the ordinances afford definite, reasonable factors[3] to guide a discretionary agency action, and there is sufficient, competent evidence to support the findings of the agency, its action is not arbitrary or capricious. See, e.g., Hope v. City of Gainesville, 195 So.2d 849 (Fla. 1967); De Groot v. Sheffield, 95 So.2d 912 (Fla. 1957).
Our decision is dependent on certain provisions of the code of the City of Tampa. Section 6-41 applies to issuance of a license for a public dance hall and section 6-44 to a forfeiture or revocation of a dance hall license. There was no ordinance in effect at that time which expressly addressed a renewal or reissuance of a license for a dance hall.[4]
Sec. 6-41. Public dance hall  License required; fee; compliance with regulations.
A license shall be required for each public dance hall. No license for a public dance hall shall be issued until an application is made to the city council and the council shall determine that the applicant has complied with and conformed to this Code and all health and fire regulations of the city. At the time the application is made, a fee of twenty-five dollars ($25.00) shall be paid to the city comptroller to cover the costs of investigation and administration by the city. (Ord. No. 873-A, 12-2-42; Code 1953, § 26-19; Ord. No. 4400, § 1, 3-19-68)
Section 6-44. Same  Revocation of license; lapse of time before reissuance.
The license of any public dance hall shall be forfeited or revoked by the city council for disorderly or immoral conduct on the premises, or for the violation of any of the rules, regulations, ordinances and laws governing or applying to public dance halls or public dances. If at any time the license of a public dance hall shall be forfeited or revoked, at least six (6) months shall elapse before another license or permit shall be given for public dancing to the same person or corporation forfeiting such license, or on the same premises unless it shall be clearly shown that the person forfeiting such license has ceased all direct and indirect connection with such premises. (Code 1926, § 1316; Code 1953, § 26-20)
City of Tampa Code, Section 23-1 provides in pertinent part that: "The creation of any avoidable and unreasonably loud, disturbing, and unnecessary noise within the corporate limits of the city is hereby prohibited." City of Tampa Code, Section 23-2 provides in pertinent part that:
The following acts, among others, are declared to be loud, disturbing, avoidable, and unnecessary noises and nuisances in violation of this chapter. .. .
.....
The playing of any radio, phonograph or any musical instrument or device in such manner or with such volume as to annoy or disturb the quiet, comfort, and repose of persons in any dwelling, place of business, hotel, or other types of residence.
As explained in Librizzi v. Plunkett, 126 N.J.L. 17, 16 A.2d 280 (1940) the power to revoke for certain enumerated reasons has as a corollary the implied power to refuse to renew for those same reasons. This conclusion is based on the perceived legislative intent made to appear from the time limit placed on the duration of the license and the power to revoke for failure to observe the requisites of the ordinance at issue. Absent a specific ordinance or a statute expressly addressing renewal, the power to refuse to renew and the grounds for refusal to renew are found implicitly in the section pertaining to revocation.
*741 Section 6-44 of the city code provides as one ground for revocation violation of any of the applicable city ordinances. In this case the board was presented with evidence that appellee violated its noise ordinance, Sections 23-1 and 23-2. As the record reveals there was sufficient, competent evidence provided by testimony before the city council from several residents who lived near the dance hall and other evidence that there was a violation of these sections. We may not have weighed this evidence against evidence to the contrary as did the city council, but that does not affect our decision. Nonetheless, we do not read the evidence before the trial court to have shown that the city acted wrongfully. The totality of the evidence, including that presented to the trial court for the first time, does not show that there was an absence of sufficient, competent evidence to support the finding of the city council that there was a violation of the noise ordinances.
Appellee would have had to have shown that the city council did not refuse to renew dance hall licenses to other similarly situated entities which violated the noise ordinances to show that its action was discriminatory. This it did not attempt to do.
We hold that the trial court abused its discretion in finding that the refusal to renew was arbitrary, capricious, and discriminatory because there was sufficient, competent evidence to support the findings of the city council that the noise ordinances had been violated thereby precluding renewal of the dance hall permit.
The remaining question raised by this case is whether damages could be awarded against the city for its action. In view of our disposition of the first issue it is not necessary to address this point. We do, however, point out that damages could not be awarded even if the action had been wrongful. We cannot accept appellant's bald assertion that a refusal to renew constitutes a revocation and that since a revocation is quasi-judicial. We do, however, accept its conclusion that the action of the city council was quasi-judicial.[5] It is well established that a municipal corporation is immunized from liability for its acts which are of a quasi-judicial nature.
The standard for determining whether an act of a municipal corporation is quasi-judicial is whether that action is dependent upon a showing made at a hearing required by law to afford due process to the affected party. Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957); Board of County Commissioners v. Casa Development Ltd., II, 332 So.2d 651 (Fla.2d DCA 1976). Appellee argues that a statute must require that due process be afforded for an action to be quasi-judicial. While there are cases which involve statutory direction to provide due process, the act is quasi-judicial if due process is simply required by the nature of the right or privilege at issue. A licensee has a property right in renewal of a business license of which he cannot be deprived absent the requisites of due process. Vicbar v. City of Miami, 330 So.2d 46 (Fla.3d DCA 1976). Even if the failure to renew was wrongful, which we have held it was not, appellant would not be liable in tort for refusal to renew this permit.
REVERSED and REMANDED.
SCHEB and DANAHY, JJ., concur.
NOTES
[1] Delay in consideration of this application is more apparent than real. The record seems to indicate that the application had been denied well before the January 1977 meeting but appellee had not been notified. Both parties treat the application as having been in limbo for purposes of this appeal.
[2] We do not examine the propriety of seeking injunctive relief from action by a municipal corporation since it was not raised as a point on appeal.
[3] Appellee did not attack the ordinances themselves.
[4] Since the time of this action by the city council the provisions applicable to dance halls have been substantially revised. This opinion does not necessarily apply to actions taken pursuant to the revised code.
[5] Appellee cites Dubin v. Dep't of Business, 262 So.2d 273 (Fla. 1st DCA 1972) and Vocelle v. Riddell, 119 So.2d 809 (Fla. 2d DCA 1960) to support its contention that renewal in this case is a mandatory and ministerial duty. Unlike the ordinance before us, the statutes in Dubin and Vocelle specifically addressed renewal in terms which did not require any determination to be made by the members of the Florida Industrial Commission as to renewal. The rule in Dubin, Vocelle, and similar cases applicable to the facts before us, is that there is no less due process protection for refusal to renew than for revocation of a license.