## COLETTA v DiPIETRO, etc., et al.

Case No. 85-286 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

January 27, 1987

### APPEARANCES OF COUNSEL

**Ullman & Ullman, P.A., Michael W. Ullman** and **Steven J. Glueck,** for petitioner.

**Dubbin and Berkman, P.A.,** and **Andrew H. Moriber,** for respondents.

Before TENDRICH, ROBINSON, BLOOM, JJ.

### OPINION OF THE COURT

PHILIP BLOOM, Judge.

This matter duly came before this Court by way of a Notice of Administrative Appeal on the petition of Al Coletta for a writ of certiorari seeking review and reversal of the administrative decision of respondent City Commission of the City of North Bay Village rendered August 13, 1985, which denied Petitioner's appeal of the refusal of respondent City Manager to renew Coletta's occupational license for a restaurant and late night dining facility.

## BACKGROUND

Petitioner Coletta was issued the subject Occupational License on or about August 5, 1982, by respondent City Commission covering the penthouse premises (condominium units RU 1101, 1102, and 1103) of the Bayshore Yacht and Tennis Club Condominium in North Bay Village. The occupational license, upon payment of required fees was initially issued for the license year 1981/82 and was renewed thereafter for the years October 1982/83 and October 1983/84. The fees paid by Coletta to North Bay Village over the three year period for occupational licenses was $7,500, plus an additional $1,800 for sewage and garbage disposal relating thereto.

For the license year 1984/85, respondent City Manager rejected Coletta's payment of the occupational license renewal fee of $2,500 and refused to renew the license to Coletta by alleging lapses of non-conforming use or variance. That rejection or renewal constituted a violation of Coletta's rights to due process of law and a violation of the Zoning Code of North Bay Village and therefore cannot stand.

## THE LAW

Respondents improperly substituted the *refusal to renew* Coletta's occupational license for the *revocation of license* proceedings comporting with due process of law. *Vocelle v. Riddell*, 119 So.2d 809 (Fla. 2d DCA 1960). By refusing to renew the occupational license, which renewal constituted a ministerial act, (see *Vocelle* id.), Coletta was deprived wrongfully of a valuable property right in his occupational license. *Vicbar Inc. v. City of Miami*, 330 So.2d 46 (Fla. 3d DCA 1976).

In revocation proceedings the burden is upon the licensing agency to prove the existence of grounds for revocation of a license, whereas here, respondents shifted the burden to Coletta to demonstrate that he had the right to renewal of the license. This respondents cannot do. *Dubin v. Department of Business Regulation*, 262 So.2d 273, 275 (Fla. 1st DCA 1972).

Respondents failed to give Coletta notice of an intention not to renew, and without that, followed by the other prerequisites, a refusal or failure to license cannot be used as a substitute for a license revocation or termination proceeding. *Dubin*, supra, at 274. Case law is clear that as a general rule the rights in a license once issued and renewed may be revoked by a notice thereof and specifics, followed by a hearing before an impartial tribunal. There, the licensing agency would have the burden of demonstrating its right to refuse to renew the license with an opportunity accorded the licensee to be heard as to the allegations consistent with genuine due process. See *Wierczoreck v. H. & H. Builders, Inc.*, 450 SO.2d 867 (Fla. 5th DCA 1984).

Furthermore, the action by respondent City Manager was in violation of Section 110.05 of the Zoning Code of North Bay Village. This provision sates that it is the City Commission which is empowered to suspend or revoke a license and then upon "proper complaint and sufficient evidence to sustain the complaint." Therefore, the unauthorized action of the City Manager in refusing to renew the occupational license was invalid. *City of Tampa v. Island Four Inc.*, 364 So.2d 738 (Fla. 2d DCA 1978).

The Court rejects respondents' argument that facts extraneous to the record were improperly before this tribunal. This Court is not bound by respondents' definition of the record and may consider facts extraneous thereto. See *Seminole County Bd. of County Commissioners v. Long*, 422 SO.2d 938 (Fla. 5th DCA 1982), and footnotes therein. The lack of a complete and proper record is the direct consequence of respondents' failure to accord Coletta due process of law and in so doing create a proper record.

The respondents' refusals to renew Coletta's occupational license violated Coletta's right to procedural due process, lacked compliance with essential requirements of the law, and were not based upon findings supported by substantial competent evidence and therefore cannot stand. *Cherokee Crushed Stone Inc. v. City of Miramar*, 421 SO.2d 684 (Fla. 4th DCA 1982).

## RULING

Based on the foregoing, we grant the petition, issue the Writ of Certiorari and upon review quash the actions of respondents in failing to renew Coletta's occupational license.

We direct that the City of North Bay Village and the other respondents herein within 10 days of the rendition of this Opinion,

174

forward an invoice to Coletta (in care of his attorney of record in this proceeding) representing appropriate fees for renewal of the occupational license for the period October 1986/September 1987, and that upon receipt of payment of such fees, that the renewal occupational license for such period be issued forthwith.

TENDRICH and ROBINSON, JJ., concur.