# STATE OF FLORIDA v KITT

## Case No. 86-5681-MO

County Court, Bay County

February 27, 1987

## APPEARANCES OF COUNSEL

**Dennis Beesting,** Assistant State Attorney, for plaintiff.
**Sandra C. Atkins** for defendant.

## OPINION OF THE COURT

WILLIAM A. COOPER, JR., County Judge.

THIS CAUSE came on to be heard on defendant's motion to dismiss

and accompanying affidavit, and the Court having considered these along with argument of counsel, makes the following findings:

1. Springfield municipal ordinance #264, a copy of which is attached to this order, makes unlawful the parking, storing or leaving of any vehicle in "an abandoned, wrecked, junked, or discarded condition," on any public or private property within the city limits except those areas upon which licensed businesses are operating garages, repair shops or storage areas, and unless such vehicle is being repaired so as to be lawfully operable within ten days.

2. "Abandoned, wrecked, junked or discarded vehicles" are defined by the ordinance to mean vehicles which fall into any of the five following categories:

a. those which have been partially dismantled;

b. those which do not have current license plates as required by state law;

c. those not registered in the name of the person purporting to be the owner thereof;

d. those which are nonoperating;

e. those which have been left under such circumstances as to cause such vehicle to appear to have been abandoned, wrecked, junked or discarded.

3. The ordinance directs the Chief of Police, upon finding any vehicle to be in violation of its provisions, to notify both the owner of the vehicle and the owner of the land upon which it sits, or the respective persons in possession of both the vehicle and the land, to remove the offending vehicle immediately or be subject to the penal provisions of the ordinance, which provide for a fine not to exceed $500.00 and imprisonment not to exceed 60 days in the county jail, with each day that the violation continues constituting a separate offense.

4. On October 14, 1986, defendant was charged with violation of the ordinance by keeping vehicles on his private property which were partially dismantled or did not have proper registration or both.

5. Defendant, in his affidavit, agrees that one vehicle on his property, a 1972 Cutlass Oldsmobile, does not have current license plate because he does not drive it, although it is fully operable. He further agrees that another vehicle on his property, described as a blue Rambler, also does not display a current license plate, and defendant does not possess the title, although he is in the process of obtaining it from the owner, a

**87**

serviceman stationed now in Germany. This vehicle is also fully operable. Defendant states that his third vehicle, a 1975 Ford truck, is used on a daily basis, and is in full compliance with the ordinance.

For the reasons stated below, the Court agrees with defendant that the ordinance is not constitutionally sound.

1. The ordinance is an unreasonable exercise of the city's police power. The applicable rule was stated by the Supreme Court of Florida in *City of Miami v. Kayfetz*, 92 So.2d 798 (1967), at 801-802:

> "In considering whether or not the ordinance now before us is reasonable, the test is . . . whether it has a rational relation to the public health, morals, safety or general welfare and is reasonably designed to correct a condition aversely affecting the public good. And the test must be applied in view of the character or nature of the condition to be remedied and all circumstances relating thereto."

The apparent purpose of the ordinance is to enhance the aesthetic condition of the city by providing for the removal of unslightly and perhaps dangerous vehicles which have been abandoned, wrecked, junked or discarded. The police power may be exercised to restrict the use of private property for purely aesthetic reasons. *Merritt v. Peters*, 65 So.2d 861 (Fla. 1953). However there is no discernible nexus between at least two of the categories as defined by the ordinance and the public's general welfare, whether the focus be upon safety or aesthetics. The fact that a vehicle does not contain a current license plate has little if anything to do with its appearance or the danger it might pose to the public. Likewise, a vehicle not registered in the name of the person "purporting to be the owner thereof" cannot thereby be said to be unslightly or unsafe. These categories are factors that might be taken into consideration in determining whether a vehicle has been abandoned, wrecked, junked or discarded (according to a common understanding of these terms), but the five categories are listed in the disjunctive, so that a vehicle falling into any one of them may be so classified under the definition given by the ordinance. Additionally, it is at least possible for a vehicle to fit into any of the other three categories without posing any threat to the public good whatsoever. Is a vehicle which is missing one of two outside rear-view mirrors "partially dismantled?" (The Court assumes that the omission of the letter "l" in the word "dismanted" was merely a typographical error.) Is a vehicle with an empty gas tank "nonoperating?" Perhaps the Court can take judicial notice of that unfortunate fact, from its own experience with "horseless carriages." As for the last category, the ordinance makes no effort to explain what kind of circumstances might

88

cause a vehicle to "appear" to be abandoned, wrecked, junked or discarded. This observation leads to the next basis for the Court's finding of constitutional infirmity.

2. The ordinance is unconstitutionally vague. An ordinance must be expressed with such certainty as to give reasonable notice of its scope and all matters reasonably related to it. *Hope v. City of Gainesville*, 195 So.2d 849 (Fla. 1967). An ordinance creating a crime must be definite in describing the conduct denounced in order that the ordinary person may know how to comply with its provisions. *McCall v. State*, 156 Fla. 437, 23 So.2d 492 (1945). The plain meaning of the term "nonoperating" (as opposed to "nonoperative") is simply that the vehicle is not presently being operated. This would seem to include most of the vehicles within the corporate limits of Springfield after 6:00 p.m. on any given day. The third category, "those vehicles not registered in the name of the person purporting to be the owner thereof," appears to subject to criminal liability any person wishing to dispute or claim the legal ownership of a vehicle inside the city limits, if that person doesn't possess the title, as in the case of the defendant, and the vehicle is located on his property. Finally, the last category defines "abandoned, wrecked, junked or discarded vehicles" as those which are left under such circumstances as to cause them to appear that way. In other words, an abandoned, wrecked, junked or discarded vehicle is one which, under undefined circumstances, appears to be abandoned, wrecked, junked or discarded. Such definition is not in fact a definition at all. How is one to know just what circumstances the officer might feel causes a vehicle to fall into this category? Neither the officer nor the Court can supply this fatal omission.

That the people of the City of Springfield may properly regulate, through that municipality's exercise of its police power, the parking or storage of abandoned, wrecked, junked or discarded vehicles is not questioned by this Court. Ordinance #264, as enacted, however, fails to meet constitutional requirements and is not subject to severability. An unnecessary exercise of the police power in a manner or to an extent by which private, personal or property rights are curtailed or impaired, violates due process of law. *Maxwell v. Miami*, 87 Fla. 107, 100 So. 147 (1924). Accordingly, it is

ORDERED AND ADJUDGED that defendant's motion to dismiss be, and the same is hereby, granted.

DONE AND ORDERED in chambers at Panama City, Bay County, Florida, this 27th day of February, 1987.

## ORDINANCE NO. 264

An Ordinance making it unlawful to park, store or leave any vehicle, in an abandoned, wrecked, junked or discarded condition on public rights-of-way or other public or private property within certain areas of the City of Springfield in Bay County, Florida; and providing a penalty to be imposed for any violation of this ordinance.

Be it enacted by the people of the City of Springfield, in Bay County, Florida:

Section 1. Definitions: - The following words and phrases, when used in this ordinance, shall have the meanings respectively ascribed to them in this section, except those where context otherwise requires:

(a) *Person.* "Person" shall mean any person, firm, partnership, association, corporation, company, sole proprietorship, business, or organization of any kind.

(b) *Vehicle.* "Vehicle" shall mean a machine propelled by power other than human power designed to travel alone the ground by use of wheels, treads, runners, or slides and transport persons or property or pull machinery and shall include, without limitation, automobile, truck, trailer, motorcycle, tractor, buggy, and wagon.

(c) *Street* or *highway.* "Street" or "highway" shall mean the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

(d) *Property.* "Property" shall mean any real property within the city which is not a street or highway.

(e) *Abandoned, wrecked, junked or discarded vehicles.* "Abandoned, wrecked, junked or discarded vehicles" shall mean any vehicles which have been partially dismanted; or do not have current license plates as required by the Laws of the State of Florida; or are not registered in the name of the person purporting to be the owner thereof; or are nonoperating; or which have been left under such circumstances as to cause such vehicle to appear to have been abandoned, wrecked, junked or discarded.

Section 2. It shall be unlawful to park, store or leave any vehicle of any kind, in an abandoned, wrecked, junked or discarded condition, whether attended or not, on public rights-of-way or other public or private property, or for the owner of any such vehicle or private property, or for the owner of any such vehicle or the owner or occupant of any property to allow, permit or suffer the same to be left

90

upon any privately owned property, unless said vehicle is being repaired so as to be lawfully operated in accordance with the state law. However, any vehicle being repaired shall not be allowed to remain on said property for a period greater than ten (10) days.

This section shall not apply to businesses being lawfully licensed and operated as garages, repair shops or storage areas.

Section 3. If the Police Chief or his representative finds any vehicle in violation of this ordinance, the Police Chief shall cause written notice of violation to be delivered, by any appropriate means, to the owner, or person in possession of the vehicle and to the owner or occupant of the land upon which the vehicle is located, and if the vehicle in violation is not immediately removed the Chief shall take appropriate action to enforce this ordinance.

Section 4. Any person violating any of the provisions of this article shall, upon conviction, be punished by a fine of not more than five hundred dollars ($500.00) or by imprisonment in jail not exceeding sixty (60) days or by both such fine and imprisonment in the discretion of the Court. Prosecution of violators under this section shall not preclude the enforcement of this code as otherwise provided herein.

Section 5. Vehicles found in violation of this ordinance may be disposed of according to State Statutes.

Section 6. Each day that a violation continues shall constitute a distinct and separate offense.

Section 7. All ordinances or parts of ordinance in direct conflict herewith are hereby repealed to the extent of such conflict.

Section 8. This ordinance shall take effect as provided by law.

Passed in regular session of the City Commission, this 4th day of March, 1985.

Signed by the Mayor and attested to by the City Clerk.