PER CURIAM.
This is an appeal from a bond validation. We have jurisdiction pursuant to article V, section 3(b)(2) of the state constitution and affirm the trial court’s order.
The Town of Inglis filed a complaint for validation of not to exceed $1,000,000 in water system revenue bonds. The state answered, and the Rishers intervened. The Rishers had previously filed a class action against the town contesting the town’s legal boundaries, and they asked the court to stay the bond validation until resolution of their class action. After a hearing, the court issued its final judgment validating the proposed bond issue. The Rishers now argue that the court erred both in concluding that the town has the power and authority to issue these bonds and in refusing to stay the validation proceedings.
Judicial inquiry into bond validations is limited to determining if a public entity has the power to issue the bonds and if the purpose of the bonds is legal and to ensuring that the bond issue complies with the requirements of law. Lodwick v. School District, 506 So.2d 407 (Fla.1987). In the final judgment the court recited the statutory authority for the bonds, the terms of the bonds, and the facts of the adoption and publication of the bond resolution, among other things. The court found the resolution to have been “duly adopted in accordance with law” and “legal and valid in every respect.” The court also found that all requirements of the state constitution and laws had been met and that all necessary procedures had been followed. The Rishers claim that no evidence supports finding that the town has the requisite power to incur this bonded indebtedness, but they have not favored us with a transcript of the hearing or anything else to support their contention.
Introducing the supporting resolution can be sufficient to justify validation. Rianhard v. Port of Palm Beach District, 186 So.2d 503 (Fla.1966). The trial court’s order is based on the instant resolution, and no error has been demonstrated. We therefore agree with the conclusion that the town had the power to provide for this proposed bond issue and that it did so in the proper manner.
We also find no error in the court’s refusal to grant a continuance. The subject of the Risher’s class action, i.e., the town’s boundaries, has no impact or effect on the town’s power to issue revenue bonds. The granting of a continuance is within the court’s discretion, Rianhard, and we find no abuse of discretion here.
The order validating the proposed bond issue is, therefore, affirmed.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.