WOLF, Judge.
Bank of Credit and Commerce International Limited (BCCI), an international banking corporation, appeals from a final administrative order of Gerald Lewis (Lewis) denying the appellant’s application for renewal of its license to operate its Miami, Florida, agency office.[1] BCCI raises two issues on appeal. As to issue one, we determine that the appellee lacked statutory authority to enter a final order without affording BCCI reasonable notice and opportunity to be heard. In light of our holding, it is unnecessary to reach appellant’s second issue on appeal concerning sufficiency of the evidence to support the denial of appellant’s application for license renewal.
In October 1988, BCCI and a number of individual and corporate eodefendants were indicted by a federal grand jury in the Middle District of Florida on conspiracy charges involving narcotics trafficking and money laundering.
Shortly after the indictment was handed down, Lewis entered a Confidential Emergency Cease and Desist Order requiring the cessation of all unsafe and unsound practices and activities constituting violations of law. That order also required BCCI to operate with adequate reserves in accordance with a Capital Equivalency Deposit Agreement. The order was superseded when BCCI entered into an agreement with Lewis entitled Memorandum of Understanding (the MOU). The MOU included BCCI’s commitment to operate in accordance with safe and sound banking practices; to engage in no activities constituting violations of law; to maintain adequate reserves against total liabilities; to furnish weekly, monthly, and periodic written reports; and to prohibit certain suspended employees from participating in BCCI’s affairs. Lewis agreed, in the exercise of reasonable discretion, to terminate the MOU if the disposition of the indictment did not “materially adversely affect the financial condition and stability of BCCI Overseas.”
Subsequent to the indictment and execution of the MOU, Lewis granted the renewal of the Miami agency license for the year ending March 14, 1990. The certificate of renewal specifically recites that BCCI
has satisfactorily demonstrated that the statutory requirements for renewal of its license have been met.
A few months after the 1989 renewal of the Miami agency license, BCCI and Lewis entered into an agreement (the Agreement) setting forth in more detail the compliance, monitoring, and reporting requirements BCCI would undertake to resolve supervisory concerns arising out of the indictment. In December 1989, the Department of Banking and Finance furnished BCCI the application form for its 1990 renewal.
BCCI entered a plea of guilty on money laundering charges and agreed to pay a civil forfeiture of approximately $15 million. The terms of BCCI’s January 16, 1990, plea agreement were subject to a gag order, but were furnished to Lewis by the United States Attorney at the end of January.
The Middle District Court accepted the plea agreement, entering judgments on February 5, 1990. The next day, BCCI itself furnished Lewis a report on the terms of the plea agreement and the details of its extensive compliance programs.
Lewis had been furnished a Federal Reserve Examination of the Miami agency as of September 30, 1989, as well as BCCI’s response. BCCI had also furnished Lewis its 1988 annual report and Consolidated Financial Statement as of June 30, 1989.
BCCI timely filed its application for renewal of its Miami agency license on February 12, 1990. The department prepared the certificate of renewal and transmittal letter on February 21, 1990, and made arrangements to publish notice of the renew *385 al in the Florida Administrative Weekly. Notice was published on March 2, 1990. On March 5, 1990, three days after publication, Lewis issued a final order denying the renewal of BCCI’s Miami agency license.
The order concludes that (a) the $15 million civil forfeiture affects the financial condition of BCCI so as to constitute an unsafe and unsound banking practice; (b) the activities described in the indictment constitute violations of law; and (c) renewal of the Miami agency license is not in the public interest. On those grounds, Lewis denied the license renewal and required BCCI to surrender its license and cease the transaction of business in Florida. Lewis advised BCCI that it could challenge the order by requesting a formal administrative hearing within 21 days, or by seeking appellate review within 30 days. BCCI timely invoked the jurisdiction of this court.
Appellant asserts that the entry of the final order violated due process of law as guaranteed by the federal and Florida constitutions. In light of the fact that we find that the order was issued without statutory authorization, it is unnecessary for us to reach the constitutional question.
Chapter 120, Florida Statutes, contemplates that agencies will only take summary action (action which affects the fundamental rights of a party prior to giving the party notice and opportunity to be heard) in emergency situations. §§ 120.-59(3) and 120.54(9)(a)3, Fla.Stat. (1989); see Commercial Consultants Corp. v. Dep’t of Business Regulation, Div. of Fla. Land Sales and Condominiums, 363 So.2d 1162 (Fla. 1st DCA 1978). Where an agency determines that there is an emergency and a need for an immediate final order, there must be a finding of “an immediate danger to the public health, safety or welfare ...” and the order itself must “recite with particularity the facts underlying such finding ...” § 120.59(3), Fla. Stat. The protection afforded by the Administrative Procedure Act as to summary dispositions which affect the rights of parties applies to the renewal of business licenses. Dubin v. Dep't of Business Regulation, 262 So.2d 273 (Fla. 1st DCA 1972).
The department asserts that section 120.60(5)(a), Florida Statutes, authorizes the actions of the department in the instant case. In pertinent part, that section reads:
(a)l. The Department of Banking and Finance shall have published in the Florida Administrative Weekly notice of the application within 21 days of receipt.
2. Within 21 days of publication of notice, any person may request a hearing, which upon request shall be conducted pursuant to s. 120.57 except that the Department of Banking and Finance shall by rule provide for participation by the general public; however, the failure to request a hearing within 21 days of publication of notice shall constitute waiver of any right to a hearing.
§ 120.60(5)(a), Fla.Stat. (1989), (emphasis supplied).
This statute, by its own terms, gives an applicant, as well as other parties, 21 days to request a hearing. We find nothing in the statute which authorizes the department to issue a final order prior to giving the applicant a reasonable opportunity to request a hearing.[2]
While it is true that the Legislature may determine by what process and procedure such legal rights may be asserted, it cannot be assumed that the Legislature totally intended to abrogate a party’s right to a hearing prior to final agency action. Cf. Peoples Bank of Indian River County v. Dep’t of Banking and Finance, 395 So.2d 521 (Fla.1981).[3] Thus, when section 120.-60(5), Florida Statutes, is read in conjunction with section 120.59(3), Florida Statutes, it is apparent that absent a finding *386 that an emergency exists, the department is not authorized to issue a final order prior to the expiration of the statutory 21-day period.
In the instant case, the department issued a final order three days after publication. The order contained no facts which demonstrated an emergency. We find that such summary disposition violated not only section 120.59(3), Florida Statutes, but also section 120.60(5), Florida Statutes.
We, therefore, vacate the final order of the department and remand for further agency action consistent with this opinion.
WIGGINTON and MINER, JJ., concur.

. The order was issued in Lewis' capacity as comptroller of the State of Florida and head of the State of Florida Department of Banking and Finance.

. The department also relies on § 663.06(2), F.S. While that statute gives the department broad discretion in deciding whether to renew a license, the statute addresses (as the department concedes in its brief) the standard for review rather than providing a procedural method for the denial of a permit renewal.

. This case upheld the statute requiring applicants for bank licensure to request a hearing within 21 days of the application being published in Florida Administrative Weekly. § 120.60(3), F.S., (now § 120.60(8)).